Argued and submitted May 24, affirmed September 11, reconsideration denied November 27, 1991, petition for review denied March 24, 1992 (313 Or 75)

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL WAYNE FELT,
*Appellant.*

(C89-02-30742; CA A64142)

816 P2d 1213

Ingrid A. MacFarlane, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction of first degree burglary. ORS 164.225. The issue is whether the state proved that defendant "unlawfully remained" in the victim's home after he had received permission to enter. We affirm.

Defendant and the victim, Laura Stewart, lived together for six months. Stewart then moved out, but continued seeing defendant on a social basis. One evening, they went out for dinner and drinks. Afterward, defendant drove Stewart home. He dropped her off at her house and she went inside, alone. As she began getting ready for bed, defendant knocked on the door and asked to use the phone. Stewart let him in, pointed to the phone, returned to her bedroom and closed the bedroom door. After Stewart was in her nightclothes, defendant walked into her room without knocking and asked for a hug. Stewart hugged him. Defendant then asked for a kiss. Stewart said no. Defendant kissed her anyway and she pushed him away. He began hitting, slapping and yelling at her. He knocked her down, threw her on the bed, threatened her with a pair of scissors and forced her to have sexual intercourse with him. Eventually, defendant got dressed, walked into the living room, ripped the phone out of the wall, rummaged through Stewart's purse and left. Stewart dressed and went to a telephone booth outside her apartment. Defendant reappeared, entered the booth and began hitting her. When she started bleeding, he ran away.

Defendant admitted to hitting Stewart both inside the apartment and in the telephone booth. However, he testified that they had had consensual sex, that Stewart had told him about other lovers, and that he had become angry. A jury found defendant guilty of first degree burglary and fourth degree assault. ORS 164.225; ORS 163.160. When the jury was unable to reach agreement on three remaining charges,[1] a mistrial was declared on those charges. Defendant then pled no contest to first degree sexual abuse, and the remaining charges were dismissed.

■ Defendant's single assignment of error is directed at the trial court's denial of his motion for a judgment of

---

[1] Defendant was also charged with first degree rape, first degree attempted sodomy and first degree sexual abuse.

acquittal on the first degree burglary charge. He argues that the state offered no evidence that the victim had revoked her permission for him to be on the premises; he claims that he was never told or asked to leave. The state argues that defendant was allowed into Stewart's home for a limited purpose—to use the phone—and that he exceeded the limits of her permission when he remained to assault her. We review the evidence in the light most favorable to the state to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *State v. King,* 307 Or 332, 339, 768 P2d 391 (1989).

First degree burglary is defined in ORS 164.225, which provides, in part:

> "(1)   A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling * * *."

ORS 164.215 provides, in part:

> "(1)   A person commits the crime of burglary in the second degree if the person enters *or remains unlawfully* in a building with intent to commit a crime therein." (Emphasis supplied.)

To "enter or remain unlawfully" means "[t]o enter or remain in or upon premises * * * when the entrant is not otherwise licensed or privileged to do so." ORS 164.205(3)(a).

■      Thus, a burglary conviction requires proof of an unlicensed or unprivileged entry or stay. *See State v. Hartfield,* 290 Or 583, 594, 624 P2d 588 (1981).[2] Here, defendant was privileged to enter and remain in Stewart's home to use the phone and to hug her, because she consented to those acts. However, a reasonable jury could have found that, from the point at which Stewart refused defendant's request for further intimacy, defendant was no longer acting within the limits of the consent given. Additionally, the circumstances of this case would support the inference that, when Stewart reacted against defendant, she impliedly revoked her permission that he remain on the premises.

---

[2] Although defendant relies heavily on *State v. Hartfield, supra,* that case involved "the sole question [of] whether the evidence satisfies the [state's] need to prove an unlawful *entry,*" not an unlawful stay. 290 Or at 595. (Emphasis supplied.)

In denying defendant's motion for acquittal, the trial court allowed the jury to decide the fact question of whether Stewart withdrew her consent. The evidence was sufficient to support the conclusion that she did, and that defendant was no longer privileged to remain in the residence. We see no reason to disturb that finding.

Affirmed.