Argued and submitted January 28, affirmed October 11, 2000

STATE OF OREGON,
*Respondent,*

*v.*

JON RANDALL HOLTE,
*Appellant.*

(C971420CR; CA A100294)

12 P3d 553

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Cheryl Thompson-Merrill argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant was convicted of two counts of theft in the first degree, ORS 164.055, one count of theft in the second degree, ORS 164.045, five counts of a felon in possession of a firearm, ORS 166.270, one count of burglary in the first degree, ORS 164.225, and one count of unlawful entry into a motor vehicle, ORS 164.272. Defendant appeals only his conviction for burglary. He assigns error to the denial of his motion for judgment of acquittal. The issue is whether the state proved that defendant remained unlawfully in his landlord's (Hale), bedroom when an agreement between the two expressly prohibited defendant from entering Hale's bedroom. We affirm.

We state the facts in the light most favorable to the state. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). Before defendant's release from prison, his father had a conversation with Hale about needing to find a place for defendant to live when he was released. Hale told defendant's father that he had an extra room that defendant could live in if defendant agreed to pay rent and half the utilities. Defendant's father orally agreed to this and defendant, after being released, moved into Hale's home on the condition that he not enter Hale's bedroom. Hale requested that condition because Hale stored several guns and other expensive items in his bedroom. Other than Hale's bedroom, they shared all other areas of the house. That agreement was never reduced to writing.

A few months after defendant moved in, Hale returned from a week-long trip and noticed that a rifle and a considerable amount of money was missing from his bedroom. Defendant later admitted to taking Hale's rifle to buy drugs. Hale continued to allow defendant to live with him but added the condition that defendant was not to enter the house unless Hale was present. Defendant agreed to this condition and remained in Hale's home. Hale had in his possession the only key to the house and locked it when he left for work in the morning to ensure that defendant would not be able to enter until Hale returned home at night. A few days later Hale again returned home and discovered that someone

had entered his home by prying open the back door with a screwdriver. Hale searched his bedroom and discovered that a significant amount of money was missing. Hale reported the break-in to the police. The next day the police arrested defendant. At that time, defendant was wearing Hale's ring and T-shirt. In addition, defendant possessed Hale's knife, which Hale had left on his coffee table. The state elected to prosecute defendant for burglary only for the second entry into Hale's bedroom.

At the close of the state's case, defendant moved for a judgment of acquittal on the burglary count, arguing that as a tenant he had a right to be in the entire house and that Hale's bedroom was not a separate dwelling under the burglary statutes. Thus, there was no burglary of Hale's bedroom, because there was no unlawful entry. The state responded that the issue was not whether defendant *entered* the *house* unlawfully, but whether defendant *remained* there unlawfully from the moment he set foot into Hale's *bedroom*, from which he had been expressly excluded, with the intent to commit a crime. The trial court denied the motion, stating that there was enough evidence to conclude that an oral agreement excluding defendant from Hale's bedroom existed and that defendant remained in the bedroom with the intent to commit a crime. The jury convicted defendant on all ten counts.

On appeal, defendant argues that the trial court erred in failing to enter a judgment of acquittal on the burglary count because: (1) Hale's bedroom is not a separate dwelling under the language of the burglary statutes, and (2) as a tenant, defendant had a right to be in the entire house and thus could lawfully enter or remain in any room in the dwelling. The state responds with two alternative arguments: First, a bedroom is a separate building within the meaning of the burglary statutes; second, even if a bedroom is not a separate building under the statutes, defendant committed burglary when he remained unlawfully in the bedroom with the intent to commit a crime. Because we agree with the state's latter argument, we need not address whether Hale's bedroom was a separate building under the language of the statute.

■ We review the evidence in the light most favorable to the state to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Cervantes*, 319 Or at 125.

ORS 164.225(1) provides:

"A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling[.]"

ORS 164.215(1) provides:

"Except as otherwise provided in ORS 164.225, a person commits the crime of burglary in the second degree if the person enters or *remains unlawfully* in a building with intent to commit a crime therein." (Emphasis added.)

ORS 164.205 provides, in part:

"(3) 'Enter or remain unlawfully' means:

"(a) To enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise *licensed or privileged* to do so[.]" (Emphasis added.)

In *State v. Felt*, 108 Or App 730, 732, 816 P2d 1213 (1991), *rev den* 313 Or 75 (1992), we addressed a similar issue, namely, whether the defendant "unlawfully remained" in the victim's home after receiving permission to enter. In *Felt*, the victim allowed the defendant, a former boyfriend, into her home to use the phone. *Id.* Once inside, the defendant asked the victim for a hug, then a kiss. *Id.* When she refused to kiss him and pushed him away, the defendant slapped her, threw her on the bed, and raped her. *Id.* The defendant was convicted of burglary in the first degree. *Id.* On appeal, we held that, because the victim had consented, the defendant was privileged to enter and remain in the victim's home to use the phone and to hug her. *Id.* at 733. However, when she refused to kiss him and pushed him away, the defendant no longer was within the scope of consent given and was no longer privileged to *remain* in the dwelling. *Id.* at 733-34.

■ This case is similar to *Felt* in that, although defendant had consent to enter and remain in certain parts of

Hale's house—namely the common areas and the room he rented from Hale—defendant lacked consent to enter Hale's bedroom. To enter or remain unlawfully under the burglary statutes requires proof of an unprivileged or unlicensed entry or stay. Defendant's right to be in the house was conditioned on the requirement that he not enter Hale's bedroom. Thus, a rational jury could have found that, once defendant entered Hale's bedroom in violation of the oral rental agreement, he no longer was licensed or privileged to remain in the house. The trial court did not err by letting the jury determine whether, by remaining in the house with the intent to commit theft, defendant was guilty of burglary in the first degree.

Affirmed.