Argued and submitted June 17, affirmed December 24, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARKELL MONTA EVANS,
*Defendant-Appellant.*

Multnomah County Circuit Court
110833166, 111034382;
A151457 (Control), A151458

341 P3d 833

Daniel C. Bennett, Senior Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before DeVore, Presiding Judge, and Haselton, Chief Judge, and Garrett, Judge.

DEVORE, P. J.

## DEVORE, P. J.

Defendant appeals a judgment of conviction for first-degree burglary, ORS 164.225, assigning error to the trial court's denial of his motion for a judgment of acquittal. He argues that the state failed to prove that he was not licensed or privileged to be in the victim's apartment at the time that he stole her purse and that the state did not prove that defendant had lost his license or privilege to remain in the victim's apartment. We view the evidence in the light most favorable to the state to determine whether a rational factfinder could find that the state had proved every element of the offense beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). We conclude that defendant exceeded the express limits of the license to be in the victim's apartment, and we affirm.

The facts are undisputed. The victim, who has a physical disability, was sitting outside of her apartment visiting with a friend. She learned "that [defendant] was helping the neighbor across from [her] move furniture and stuff." She had never seen defendant before. The neighbor left for an hour or two while defendant stayed behind. He lingered between the victim's and the neighbor's apartments and eventually asked if he could use the victim's bathroom. Believing that defendant was her neighbor's friend, the victim said, "Yes, you can go," and she told defendant where to find the bathroom. Defendant entered the victim's two-bedroom apartment while she continued sitting outside, next to her front door, speaking with her friend. After talking for a while, the victim realized that it was "taking [defendant] a long time" and "got kind of worried."

To get to the bathroom, a person would enter the apartment through the front door, take two small steps to the left, "go right down the hallway," and go into the bathroom on the right. The door to the bathroom was removed so that the victim could easily access the facilities. Her bed and nightstand, which were in the front room of her apartment, were visible from the front entryway. A wall separated the bathroom from the area where her bed and nightstand were located. The victim did not hear the toilet flush, and she believed that she would have been able to hear a flush

because the front door had remained open while defendant was in the apartment. She expected that defendant would only be present in her apartment for the purpose of using the bathroom. She estimated that defendant had been inside of her apartment by himself for approximately 20 minutes.

Shortly thereafter, defendant emerged from the apartment and sat on some steps nearby. The victim saw defendant putting something into his backpack. When the victim asked defendant about his plans, he said that he would not wait for the neighbor to return home. He began heading across the parking lot. The victim went inside her apartment to discover that her purse was missing from the nightstand next to her bed. A stack of videocassette tapes had been moved from a stand by the television in her bedroom area to underneath a bench in her shower. She notified the police and provided a list of missing things, including money and bus tickets. The following day, the neighbor's boyfriend returned the purse to the victim, but many of its contents were missing.

Defendant was charged with first-degree burglary, ORS 164.225, among several other counts that are not relevant to the issue on appeal. The offense of first-degree burglary, as it was charged here, requires that a person commit second-degree burglary, ORS 164.215, and that the building the person enter be a dwelling. ORS 164.225(1). A person commits second-degree burglary "if the person enters or remains unlawfully in a building with intent to commit a crime therein." ORS 164.215. To "enter or remain unlawfully" in the context of this case means "[t]o enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so." ORS 164.205(3)(a).

Defendant moved for a judgment of acquittal. He argued that he had permission to be present in the victim's apartment and, to revoke that permission, "there has to be some notice given to the person who's invited into the home." No such notice was given to him, either expressly or impliedly, and, he added, merely committing a crime in a place where he was permitted to be could not convert that activity to a

burglary. Without waiting for the state's response, the trial court rejoined, "[W]hen you commit the crime in the house, you revoke any permission you were given to be there."[1] The court denied defendant's motion. During the state's closing argument the state addressed the issue:

> "And so I'm not going to say or argue to you that every single time a person decides they want to commit a crime in somebody's house that that elevates what's otherwise a consensual entry into a burglary. But you have to think about the details and the circumstances.

> "The definition of unlawful entry or remain talks about a person who is not licensed or privileged. * * * [W]hen you say, 'You can use the bathroom,' and they don't do that, but they go into your bedroom, is that beyond the scope of consent? Of course it is.

> "Nobody would feel like, 'If I let somebody go into my apartment because they asked to use the bathroom, it's okay for them to root around in my bedroom and steal my purse.' That's beyond the license of privilege the defendant had, and he knew it."

Defendant was convicted on a count of first-degree burglary, corresponding to the count for his conduct at the victim's apartment, in addition to other offenses.

On appeal, defendant challenges the trial court's ruling, arguing that defendant did not lose his license or privilege to be in the victim's apartment by subsequently forming the intent to commit a crime therein. Defendant contends that "to prove the trespass aspect of burglary, the state must establish that the defendant lacked a license or privilege to enter or remain on the premises, and the defendant's knowledge thereof."[2] The state responds that defendant had a limited license or privilege to be in the victim's apartment, that defendant exceeded the scope of that license by entering and remaining in the victim's bedroom

---

[1] We do not consider the trial court's rationale, because, as we will explain, the facts provide a different basis upon which to deny the motion for judgment of acquittal.

[2] Defendant acknowledges that "an invitation may expressly limit the areas to which the invitation applies" and that permission to remain in a dwelling may be revoked, thereby turning a defendant's presence inside a dwelling into a criminal trespass.

area, and therefore, that he was unlawfully present in the victim's apartment when he stole her purse.

Our review begins with the elements of the crime charged. "[B]urglary as defined by ORS 164.225 is accomplished if a person (1) enters or remains unlawfully, (2) in a dwelling, (3) with intent to commit a crime therein." *State v. Andre*, 142 Or App 285, 289-90, 920 P2d 1145, *rev den*, 324 Or 229 (1996). In *State v. Holte*, 170 Or App 377, 12 P3d 553 (2000), we addressed a similar argument regarding oral limitations to a license or privilege to remain in a dwelling. The defendant rented a room in the victim's house under the condition that he stay out of the victim's bedroom. *Id.* at 379. Within a few months, however, the defendant entered the victim's bedroom and stole "a significant amount of money." *Id.* at 380. At trial, the defendant moved for a judgment of acquittal, arguing that there was no unlawful entry. The trial court denied the defendant's motion. On appeal, we affirmed, explaining that the defendant had received consent to enter and remain in some parts of the victim's house, but that the defendant did not have consent to enter the victim's bedroom. We concluded:

> "To enter or remain unlawfully under the burglary statutes requires proof of an unprivileged or unlicensed entry or stay. Defendant's right to be in the house was conditioned on the requirement that he not enter [the victim's] bedroom. Thus, a rational jury could have found that, once defendant entered [the victim's] bedroom in violation of the oral rental agreement, he no longer was licensed or privileged to remain in the house."

*Id.* at 382.

In this case, there is a similar express limitation on the license or privilege afforded to defendant. Defendant himself limited the scope of his license or privilege to be in the victim's apartment by asking the victim to use her bathroom. In response, the victim said that defendant "can go" and gave explicit instructions for him to find the bathroom in her apartment. The victim did not know defendant personally and expected that defendant would only be present in her apartment to use the bathroom. From those facts, reasonable inferences can be drawn that defendant had

no license or privilege to wander elsewhere in the victim's home.

The record reflects that defendant exceeded the scope of his limited license. The victim's purse was located in an area of the victim's apartment that was used as a bedroom. That bedroom area was not connected to the bathroom, and a wall separated the hallway where the bathroom was located from the bedroom area. At some point during a 20-minute period, defendant entered the bedroom area, took the victim's purse, and displaced videocassette tapes from her television stand by moving them to her shower. Viewed in the light most favorable to the state, the record contains "proof of an unlicensed or unprivileged *** stay." *State v. Felt*, 108 Or App 730, 733, 816 P2d 1213 (1991), *rev den,* 313 Or 75 (1992). A rational jury could have found that defendant had no license or privilege to enter or remain in the victim's bedroom, the area in which he committed the theft. The trial court did not err by allowing the jury to determine that, by entering in the victim's bedroom area with the intent to commit a theft, defendant was guilty of first-degree burglary. Therefore, we affirm.

Affirmed.