GOLDEN 'B' PRODUCTS, INC. et al,
*Appellants,*

*v.*

CLARK EQUIPMENT COMPANY,
*Respondent.*

(No. 106,286, CA 19998)

652 P2d 832

Michael C. McClinton, Clark, Marsh, Lindauer, McClinton & Vollmar, Salem, for petition.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs have petitioned the Supreme Court for review of our opinion, and the petition is before us as a petition for reconsideration. ORAP 10.10. We allow the petition to address one of plaintiffs' contentions, and we modify our opinion and adhere to it as modified.

Plaintiffs argue that note 2 to our opinion "is absolutely incorrect." The note states:

"The verdict form asked the jury to indicate the amount of plaintiffs' comparative fault by answering the question:

" 'In what percentage did the negligence of Plaintiffs contribute to the accident?'

"That comparative causation approach does not accord with the fault apportionment formula later adopted in *Sandford v. Chev. Div. Gen. Motors, supra. See* 292 Or at 606-09. However, plaintiffs make no argument on appeal concerning the apportionment formula. Therefore, we need not consider whether a trial court's failure to apply the *Sandford* formula in a case tried before the decision in *Sandford* could be reversible error if raised." 58 Or App at 563, n 2.

Plaintiffs argue:

"* * * At the oral argument of this case, Plaintiffs' counsel strenuously argued that the recent Supreme Court decision of *Sandford vs. Chevrolet Division General Motors,* 292 Or 590, 692 P2d 624 (1982) required a reversal of this case for several reasons, among which was that the jury was not properly instructed about the manner in which fault should be compared in accordance with the *Sandford* formula."

"* * * * *

"* * * Plaintiffs should not be foreclosed from arguments they have rightfully presented to this court."

Instead of stating that plaintiffs made no *argument* concerning the apportionment formula, our note should have said and is modified to say that plaintiffs made no *assignment of error* concerning that issue. As discussed in our opinion, plaintiffs' brief does contain assignments of error to the effect that the issue of comparative fault should not have been submitted to the jury and that the jury was improperly instructed on the kinds of negligence by

plaintiffs that could be compared with defendant's fault. However, plaintiffs' assignments of error do not challenge the method by which the jury apportioned comparative fault or the instructions or procedures through which the question of how to apportion fault was presented to the jury.

■      Plaintiffs' counsel did address the apportionment issue in his oral argument, and he did contend at that time that the apportionment method the trial court applied was contrary to the one approved after the trial in *Sandford v. Chev. Div. Gen. Motors,* 292 Or 590, 642 P2d 624 (1982). However, an error asserted by counsel at oral argument is not subject to review unless it has been preserved below and is made the subject of an assignment of error in the appellant's brief. ORAP 7.19(5).[1]

■      As noted, *Sandford* was decided after the trial in this case, and plaintiffs therefore *could not* have raised the specific point in the trial court that the apportionment instruction was contrary to *Sandford.* However, because plaintiffs' assignments do not raise the *general* issue that there was any error in connection with the method of apportioning fault, the intervening decision in *Sandford* did not enable plaintiffs to raise that issue for the first time at oral argument and does not enable them to raise it now. *See Interior Elevator Co. v. Limmeroth,* 278 Or 589, 599, 565 P2d 1074 (1977).

Reconsideration allowed; former opinion adhered to as modified.

---

[1] We note that the assignments of error in plaintiffs' brief generally do not comply with the requirement of ORAP 7.19(2) that pertinent parts of the record be set out verbatim. For reasons that do not require explanation at this time, we nevertheless considered the merits of plaintiffs' appeal. We wish to emphasize that our reason for not addressing the apportionment method issue is not that it has not been raised by an *adequate* assignment of error but that it has not been raised by *any* assignment of error.