Argued and submitted February 23, reversed March 25, 1987

STATE OF OREGON,
*Respondent,*

*v.*

PATRICK HENRY CLAY,
*Appellant.*

(86-660, 86-697; CA A40966)

734 P2d 400

Diane L. Alessi, Deputy Public Defender, Salem, argued

the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Charlene Woods, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for failure to appear, arguing that he is not bound by the agreement under which he was released from custody. We reverse.

On March 17, 1986, defendant was arrested and placed in custody pending the filing of forgery charges against him. On March 19, he was released, because he had not been arraigned within 36 hours, as required by ORS 135.010. During the release process, he signed a release agreement which required him to appear on April 7 to answer the charge of forgery.[1] An indictment charging him with forgery was filed April 4. He did not appear for the scheduled arraignment on April 7, and this prosecution ensued.

■ ORS 135.010[2] provides that, when a person is in custody, "arraignment shall be held during the first 36 hours of custody." If the defendant is not in custody, "arraignment shall be held within 96 hours after the arrest."[3] Although the language is not a model of clarity, we think that the time limits on arraignment must apply, not only when a person is arrested pursuant to a previously filed accusatory instrument, but in all cases when a person is arrested. Otherwise, there would be time limits for arraignment when a defendant stands accused of a crime, but no time limit for someone arrested but not yet formally charged. We do not think the legislature intended for persons not accused of a crime to have fewer rights than those formally charged.

---

[1] Defendant was not coerced into signing the release agreement. However, that does not affect the result of the case. It can be inferred from the state's argument that defendant would not have been released if he had refused.

[2] Defendant was released because of noncompliance with ORS 135.010; therefore we do not consider whether ORS 135.245(1), which provides that "a person in custody shall have the immediate right to security release or shall be taken before a magistrate without undue delay," is applicable.

[3] ORS 135.010 provides:

"When the accusatory instrument has been filed, and if the defendant has been arrested, or as soon thereafter as the defendant may be arrested, the defendant shall be arraigned thereon as provided in ORS 135.030 before the court in which it is found. Except for good cause shown or at the request of the defendant, if the defendant is in custody, the arraignment shall be held during the first 36 hours of custody, excluding holidays, Saturdays and Sundays. In all other cases, except as provided for in ORS 133.060, the arraignment shall be held within 96 hours after the arrest."

The state argues that defendant was required to execute a release agreement in order to obtain his release because of ORS 135.255(1):

> "The defendant shall not be released from custody unless the defendant files with the clerk of the court in which the magistrate is presiding a release agreement duly executed by the defendant containing the conditions ordered by the releasing magistrate or deposits security in the amount specified by the magistrate in accordance with ORS 135.230 to 135.290."

■    The release provisions of ORS 135.230 to 135.290 do not apply to every release from custody. "Release" for purposes of those sections means "temporary or partial freedom of a defendant from *lawful* custody before judgment of conviction." ORS 135.230(4). (Emphasis supplied.) Thus, it is apparent that, when continued custody cannot be lawful because of noncompliance with the arraignment statute, release is mandatory, and the release agreement requirement of ORS 135.255(1) does not apply.[4]

■    Because defendant could not properly be required to sign a release agreement as a condition of his release when no accusatory instrument had been filed and no arraignment had taken place in the first 36 hours of custody, he cannot then be held to answer for failure to comply with the terms of the agreement. The state argues that this result cannot be correct because of the statutes which provide for a citation when the crime is a misdemeanor or a felony that can be treated as a misdemeanor at sentencing. ORS 133.055 provides that a police officer may, in such circumstances, issue a citation to the person to appear in court, in lieu of taking the person into custody. The date for appearance must be no later than two weeks after the date when the citation is issued. ORS 133.060(1). If the person knowingly fails to appear at the designated time, the person commits the crime of failure to appear on a citation, a Class A misdemeanor. Because the citation may be issued before an accusatory instrument has been filed and because the person cited is subject to a penalty

---

[4] In *Knutson v. Cupp,* 287 Or 489, 495, 601 P2d 129 (1979), the Supreme Court stated that "no one may be released from custody without executing * * * a release agreement." However, the defendant in that case was in lawful custody pending disposition of his appeal from a criminal conviction. The case is distinguishable from this situation, where a person may no longer be lawfully detained.

for failure to appear, the state argues that a release agreement and its attendant penalties can be required of persons arrested on felony charges.

We do not agree. The citation under ORS 133.055 is *in lieu of* custody at a time when the officer could lawfully take the person into custody. When, as here, the state no longer is authorized to hold a person in custody, it may not condition his release on an agreement to return later for arraignment on charges that may never be filed.

Reversed.