Argued and submitted October 29, affirmed December 4, 2002

Janet L. FRADY,
*Petitioner,*

*v.*

Joel A. FRADY,
*Respondent.*

STATE OF OREGON,
*Respondent,*

*v.*

Joel A. FRADY,
*Appellant.*

C003490RO; A113501

58 P3d 849

Susan D. Isaacs filed the brief for appellant.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

## BREWER, J.

■ Defendant appeals from a judgment imposing punitive sanctions against him for contempt based on his violation of a Family Abuse Prevention Act (FAPA) restraining order. ORS 33.065; ORS 107.700 - 107.732. He asserts that the trial court erred in taking judicial notice of a return of service in the court file in which a sheriff's deputy certified that he had served defendant with the underlying restraining order. Defendant also contends that, in the absence of other evidence that he knew of the existence of the restraining order, the state failed to prove that he knowingly violated it.[1] We state the facts, including any reasonable inferences that may be drawn from them, in the light most favorable to the state, and we review those facts to determine whether a rational trier of fact could have found the elements of contempt beyond a reasonable doubt. *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998); *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). We affirm.

On October 2, 2000, defendant's wife obtained a restraining order against defendant. The order prohibited him from entering the residence where wife and his children resided. On December 13, a deputy sheriff responded to a call that an unwanted person had entered the residence. When he arrived, the deputy saw defendant inside the residence. After he learned of the existence of the restraining order, the deputy arrested defendant for violation of the order, and this contempt prosecution followed.

At trial, the state asked the court to take judicial notice of a return of service in the court file in which a deputy sheriff certified that he had served defendant with the restraining order. Over defendant's objection, the court took judicial notice of the contents of the return of service and found that defendant knew of the order and voluntarily failed to comply with it. The court found defendant guilty of contempt and imposed a punitive sanction against him. Defendant appeals from the ensuing judgment.

---

[1] Defendant does not assert that admission of the return of service violated his right to "meet the witnesses face to face" under Article I, section 11, of the Oregon Constitution or his right to be "confronted with the witnesses against him" under the Sixth Amendment to the United States Constitution. *Cf. State v. Moore*, 334 Or 328, 330, 49 P3d 785 (2002).

To prove contempt, the state must establish that a valid court order exists, that the defendant knew of the order, and that the defendant voluntarily failed to comply with it. *Couey and Couey*, 312 Or 302, 306, 821 P2d 1086 (1991). When a punitive sanction is sought, the state is obligated to prove every element of contempt beyond a reasonable doubt. ORS 33.065(9).

The parties' dispute on appeal primarily focuses on whether the trial court properly considered as evidence the contents of the deputy's return of service contained in the trial court file. Defendant asserts that the truth of the certification that defendant was served with the restraining order is not the sort of adjudicative fact that properly could be judicially noticed under OEC 201. The state concedes that the trial court erred in considering as evidence, by means of judicial notice, the contents of the return of service, but it contends that the document nonetheless was admissible for the truth of its contents under OEC 803(8)(b), the official records exception to the hearsay rule.

Although the trial court could take judicial notice of the existence of the return of service in the court file, it was not authorized by that means to consider as evidence the contents of that document. *See Petersen v. Crook County*, 172 Or App 44, 51, 17 P3d 563 (2001) (where accuracy of the contents of documents contained in court file was subject to reasonable dispute, those contents could not properly be judicially noticed). However, ordinarily we will not reverse a trial court when it makes a correct ruling admitting evidence but articulates an erroneous reason for it. *State v. Nielsen*, 316 Or 611, 629, 853 P2d 256 (1993). Here, although the trial court erred in employing judicial notice to admit the contents of the return of service, that error was harmless because the document was otherwise admissible. Although OEC 802 generally prohibits the admission of hearsay evidence, OEC 803(8) authorizes the receipt of

"[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth:

"* * * * *

"(b) Matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding however, in criminal cases matters observed by police officers and other law enforcement personnel[.]"

In *State v. Smith*, 66 Or App 703, 708, 675 P2d 510 (1984), we held that certificates of Breathalyzer machine inspections were admissible as evidence under OEC 803(8)(b). In so concluding, we relied on *United States v. Union Nacional de Trabajadores*, 576 F2d 388 (1st Cir 1978), a case that interpreted FRE 803(8)(b), the federal equivalent to OEC 803(8)(b). In *Union Nacional de Trabajadores*, a criminal contempt prosecution for violation of an injunction, the prosecution sought to prove the defendant's knowledge of the existence of the injunction by introducing a copy of a marshal's return of service, which stated that the marshal had served the injunction on the defendant corporation through an individual officer. The defendant objected to the admission of the document under FRE 803(8)(b). *Union Nacional de Trabajadores*, 576 F2d at 390. The court held that a marshal reporting the service of process is not reporting in the capacity of a police observer at the scene of a crime. *Id.* at 391. Thus, the court concluded that the official records exception authorized the admission of the return of service to establish that the defendant knew that the injunction had been entered. *Id.* Relying on *Union Nacional de Trabajadores*, we concluded in *Smith* that OEC 803(8)(b), like its federal counterpart, "was intended to preclude only the admission of police reports made in the course of investigation of a particular crime in lieu of the officers' in court testimony, not records of routine, nonadversarial matters" such as those involved in certifying service of process or Breathalyzer inspections. *Smith*, 66 Or App at 707.[2]

---

[2] The Washington Court of Appeals reached the same conclusion with respect to the admissibility of a process server's return of service under the Washington public records exception to the hearsay rule. *State v. Phillips*, 94 Wash App 829, 835, 974 P2d 1245, 1248 (1999). Its reasoning is apt here:

"Nor does the return of service express the process server's opinion, or reflect the exercise of his or her discretion. Rather, it is a record of service of a particular document on the particular individual named in the return. It is not accurate to say that the process server is exercising judgment or discretion when he or she believes the information given by the person served as to his or her identity, and records the name of such individual on the return of service. By

■     The hearsay exception for official records is based on the presumed reliability of such records. The official comment to OEC 803(8)(b) states that the exception is "justified by the assumption that a public official will perform the official's duty and by the unlikelihood that a person will remember details independently of the record." *Oregon Evidence Code*, Official Commentary to Rule 803. As in *Smith* and *Union Nacional de Trabajadores*, the assumption underlying the exception is applicable in this case. ORS 107.718(6)(b) provides, in part:

> "The county sheriff shall serve the respondent personally [with a FAPA restraining order] unless the petitioner elects to have the respondent served personally by a private party or by a peace officer who is called to the scene of a domestic disturbance at which the respondent is present, and who is able to obtain a copy of the order within a reasonable amount of time. Proof of service shall be made in accordance with ORS 107.720."

That statute imposed a legal duty on the deputy sheriff to serve the restraining order on defendant personally and to make proof of that service. Because service of the order and the reporting of that service were routine, nonadversarial matters, the exclusion from the official records exception for matters observed by police officers is inapplicable. Therefore, the return of service was properly admitted into evidence under OEC 803(8)(b).[3]

    Based on the return of service, the trial court was entitled to find beyond a reasonable doubt that defendant was served with a copy of the restraining order. It follows that the trial court was entitled to infer beyond a reasonable doubt that defendant knew that he was prohibited from entering the family residence and that, by doing so, he voluntarily failed to comply with the order. *Cf. State v. Beltran*,

---

doing so, the process server is merely documenting the actions taken in the discharge of his or her duties."

[3] Defendant does not contend that the return of service had to be independently authenticated in order to be admissible. *See* Laird C. Kirkpatrick, *Oregon Evidence* § 803.08[3][a], Art VIII-105 (4th ed 2002) ("[OEC] 803(8), unlike [OEC] 803(6), does not require that a witness be called to establish the foundation for admissibility. Most public records admissible under [OEC] 803(8) can be self-authenticated under [OEC] 902.").

127 Or App 238, 872 P2d 983 (1994) (release document signed by defendant was sufficient to establish requisite mental state of defendant who later failed to appear). Therefore, the court did not err in finding defendant guilty of contempt.

Affirmed.