DECISION
{¶ 1} Defendant-appellant, Juan Wills ("appellant"), appeals from the judgment of the Franklin County Municipal Court entered upon a jury verdict finding appellant guilty of being in violation of a protection order under R.C. 2919.27.
 {¶ 2} As adduced at trial, the circumstances leading up to this appeal are as follows. Francis Gipson ("Gipson") and appellant were married, and subsequently divorced.[1] In 2001, at a point during the parties' marriage, Gipson sought, and obtained, a civil protection order ("CPO"). Said order was effective until 2006. According to the CPO, appellant was prohibited from contacting Gipson and her four children, Marcell Gipson, Douglas Gipson, Francine Blount, and Christopher Blount.
 {¶ 3} Douglas Gipson, Gipson's son, testified at the trial in this matter that on February 28, 2005, he heard a knock at the door. Douglas opened the door to find appellant. Appellant asked Douglas if Douglas' mother was home. Douglas shut the door and yelled to his mother, who was upstairs, that appellant was there. Douglas Blount, Douglas Gipson's father, testified that at this time he looked out the window and saw appellant leaving the residence.
 {¶ 4} Appellant was charged with violating a CPO in violation of R.C. 2919.27, which provides, in part, that no person shall recklessly violate the terms of a protection order issued pursuant to R.C. 2919.26 or 3113.36. During the trial, appellee presented the return of service document as evidence that appellant had notice of the CPO. Appellant objected to its admission. The trial court overruled appellant's objection holding that it was admissible hearsay under Ohio Evid.R. 803. The jury returned a verdict of guilty to the single charge with which appellant was charged. Appellant timely appealed.
 {¶ 5} On appeal, appellant raises the following two assignments of error: ASSIGNMENT OF ERROR NO. 1.
The trial court erred in admitting a return of service document as proof that personal service of a protection order was made upon Appellant. The admission violated Evid.R. 802 and Appellant's right to confront his accusers as guaranteed by the state and federal Constitutions
 ASSIGNMENT OF ERROR NO. 2.
There was insufficient evidence to support Appellant's conviction on a charge of violation of a protection order in the absence of proof that the order had been served upon the accused.
 {¶ 6} In his first assignment of error, appellant argues that the trial court erred in permitting appellee to introduce a document containing hearsay to prove that appellant knew of the existence of the protection order issued by the Franklin County Court of Common Pleas, Division of Domestic Relations.
 {¶ 7} A trial court's decision on the admissibility of evidence is reviewed under an abuse of discretion standard. SeeState v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} Pursuant to Ohio Evid.R. 802, hearsay is not admissible unless the statement comes under some exception to the hearsay rule. In the present case, the trial court held that the return of service document was admissible under the public records exception provided in Ohio Evid.R. 803(8), which provides:
Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness.
 {¶ 9} The return of service document at issue here was prepared by a deputy of the Franklin County Sheriff's Office. Appellant argues that Evid.R. 803(8) excludes the deputy's statement in this case because the deputy who made the statement is law enforcement personnel, and the service document relates to matters observed by him in connection with a criminal case. We find no merit to appellant's argument.
 {¶ 10} In State v. Ward (1984), 15 Ohio St.3d 355, the Supreme Court of Ohio held that police logs documenting calibration checks of an intoxilyzer machine are admissible hearsay under Evid.R. 803(8). The court in Ward stated:
We interpret the exclusionary language of Evid. R. 803(8) as consistent with the law prior to its adoption. The phrase, "excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel * * *," prohibits the introduction of reports which recite an officer's observations of criminal activities or observations made as part of an investigation of criminal activities. This phrase does not prohibit introduction of records of a routine, intra-police, or machine maintenance nature, such as intoxilyzer calibration logs. Such routine records are highly likely to be reliable, and are precisely the type contemplated as admissible by the public records exception to the rule against hearsay.
Id. at 358.
 {¶ 11} Similarly, the First Circuit Court of Appeals inUnited States v. Union Nacional De Trabajadores (1978),576 F.2d 388, construed the federal equivalent of Ohio's Evid.R. 803(8) where the prosecution sought to prove the defendant's knowledge of the existence of an injunction by introducing a copy of a marshal's return of service, which stated that the marshal had served the injunction on the defendant corporation through an individual officer. The court in Union Nacional De Trabajadores
stated:
A sheriff or marshal reporting the service of process is not reporting in the capacity of a police observer at the scene of a crime, nor is he ordinarily connected with the case in a law enforcement capacity.
Id. at 391. See, also, United States v. Orozco (1979),590 F.2d 789, certiorari denied, 439 U.S. 1049, 99 S.Ct. 728; Fradyv. Oregon (2002), 185 Ore. App. 245.
 {¶ 12} In the case sub judice, the return of service document states that the deputy perfected service on appellant on November 21, 2001. The statement is signed by the deputy and includes his badge number. The deputy sheriff who served the protective order was not doing so as a law enforcement officer, but was doing so in lieu of the service bailiff by order of the court. Thus, we find that the return of service document was admissible pursuant to the public records exception found in Evid.R. 803(8). Accordingly, we find no abuse of discretion in the trial court's decision to admit the hearsay evidence contained in the return of service document.
 {¶ 13} Additionally, the admission of the return of service document did not deprive appellant of his rights under the United States and Ohio Constitutions to confront and cross-examine witnesses against him. In Crawford v. Washington (2004),541 U.S. 36, 124 S.Ct. 1354, the Supreme Court stated that business records, which are analogous to public records are "by their nature * * * not testimonial" and not subject to the requirements of the Confrontation Clause. Id. at 56; see, also, United Statesv. Lopez-Moreno (2005), 420 F.3d 420; State v. Cook, 6th Dist. No. WD-04-029, 2005-Ohio-1550 (holding that law enforcement documents certifying that breath test machines were functioning properly and that the officers performing the test were certified to do so were non-testimonial public records, and, therefore, not subject to the requirements of the Confrontation Clause).
 {¶ 14} In the present case, the return of service document was not created in an investigatory or prosecutorial setting, where the potential for abuse exists. Rather, the return of service document was prepared as part of an everyday business activity, and clearly is not the type of testimonial evidence with which the Supreme Court was concerned about in Crawford.
Thus, we find that because the return of service document in the case before us is a non-testimonial public record, its admission did not violate appellant's constitutional rights to confront and cross-examine witnesses against him. Accordingly, we overrule appellant's first assignment of error.
 {¶ 15} In his second assignment of error, appellant argues that there was insufficient evidence to support his conviction and that his conviction was against the manifest weight of the evidence.
 {¶ 16} The Ohio Supreme Court described the role of an appellate court presented with a sufficiency of the evidence argument in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, followed.)
 {¶ 17} Whether the evidence is legally sufficient is a question of law, not fact. State v. Thompkins (1997),78 Ohio St.3d 380, 386. In determining the sufficiency of the evidence, an appellate court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v. Yarbrough,95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v. Thomas
(1982), 70 Ohio St.2d 79, 80. Thus, a jury verdict will not be disturbed unless, after viewing the evidence in a light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001), 90 Ohio St.3d 460, 484; Jenks,
supra.
 {¶ 18} A manifest weight argument is evaluated under a different standard. "The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other."State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 35. (Citation omitted.) In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must disagree with the fact finder's resolution of the conflicting testimony. Thompkins, supra, at 387. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id., quotingState v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 19} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The determination of weight and credibility of the evidence is for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230. The rationale is that the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible.State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973; State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C0-00553. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 22; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 17.
 {¶ 20} The CPO at issue here provided that appellant shall not be present within 500 feet of the persons listed in the order, and shall refrain from entering any place where they may be found. The jury heard the testimony of Francis Gipson, Douglas Gipson, and Douglas Blount. Douglas Gipson testified that appellant knocked on the door of their residence and when Douglas Gipson opened the door, appellant asked where Francis Gipson was. Douglas Blount testified that he looked out to see appellant leaving the residence. Francis Gipson testified that after Douglas Gipson opened the door to find appellant, Douglas informed Francis that appellant was there. Based on the evidence and testimony of all the witnesses, when viewed in a light most favorable to the prosecution, we find that a rational trier of fact could have found beyond a reasonable doubt that appellant recklessly violated the CPO.
 {¶ 21} Similarly, we cannot say that the verdict is against the manifest weight of the evidence. The basis for appellant's argument is that appellee's evidence as to the service in the present case rests solely upon the hearsay notation on the return of service form. We have already found that the return of service document was admissible hearsay pursuant to Evid.R. 803(8), and did not present a Confrontation Clause problem. Further, after weighing the evidence and all reasonable inferences and considering the credibility of all the witnesses, we find that there is nothing to indicate that the jury clearly lost its way or that any miscarriage of justice resulted. Accordingly, we overrule appellant's second assignment of error.
 {¶ 22} For the foregoing reasons, appellant's two assignments of error are overruled and the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
Klatt, P.J. and Petree, J., concur.
[1] The exact dates of the marriage and the divorce are not clear from the record. Gipson testified to two different years for the marriage, namely 2000 and 2002. Likewise Gipson testified that they divorced in 2003, but appellant's counsel indicated during his cross-examination that the divorce actually became final in 2002.