Argued and submitted May 24, affirmed October 19, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RANDALL MARTIN KELLER,
*Defendant-Appellant.*

Linn County Circuit Court
08122451; A142300

265 P3d 48

Kent Hickam argued the cause and filed the brief for appellant.

Tiffany Keast, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and David B. Thompson, Interim Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals a judgment finding that he is in punitive contempt of court for failure to pay child support, ORS 33.015, and imposing sanctions, ORS 33.065. Defendant contends that the trial court erred in finding him guilty of contempt of court, because there was no evidence that he acted "willfully" as required by ORS 33.015(2)(b).[1] We disagree. Under *State ex rel Mikkelsen v. Hill*, 315 Or 452, 847 P2d 402 (1993), there was sufficient evidence for the court to find defendant in contempt. Accordingly, we affirm.

In reviewing a judgment of contempt of court, we state the facts in the light most favorable to the state and "review those facts to determine whether a rational trier of fact could have found the elements of contempt beyond a reasonable doubt." *Frady v. Frady*, 185 Or App 245, 247, 58 P3d 849 (2002) (affirming a judgment imposing punitive sanctions for contempt based on a violation of a Family Abuse Prevention Act restraining order).

The facts are not in dispute. As part of defendant's dissolution of marriage, defendant was ordered to pay $250 per month indefinitely for the support of an adult child. Defendant failed to make payments between December 2006 and December 2008, resulting in payments due of $16,475.90. Defendant was charged with contempt of court, ORS 33.015, for failure to pay child support. At the bench trial, the state offered a printout of defendant's payment history, showing that defendant had failed to make the payments. The printout was admitted as an exhibit without objection. The court found that defendant's actions constituted "willful disobeying of the court's order" and found defendant guilty.

On appeal, defendant contends that the trial court erred by finding defendant in contempt of court based only on evidence of nonpayment. Defendant asserts that a finding of

---

[1] ORS 33.015(2) provides, in part:

" 'Contempt of court' means the following acts, done willfully:

"* * * * *

"(b) Disobedience of, resistance to or obstruction of the court's authority, process, orders or judgments."

contempt of court requires proof that the defendant acted "willfully," ORS 33.015(2), and there was no evidence that defendant acted willfully. The state argues that the result in this case is controlled by *State ex rel Mikkelsen*, 315 Or 452. We agree with the state.

In *State ex rel Mikkelsen*, as here, the defendant was held in contempt for failure to make child support payments. *Id.* at 454. The Supreme Court held that, "[i]n the absence of an appeal of a support order or a motion to modify the support order, a court permissibly may infer that a parent who was ordered to pay support previously had the ability to pay and continues to have the ability to pay." *Id.* at 457-58. The court went on to state that "willful disobedience" of a court order to pay child support "is established by showing that a party, aware of a court order, neither has complied with nor sought a modification of the court's order." *Id.* at 458.

Here, the state proved its case beyond a reasonable doubt by establishing that (1) there was a valid support order, (2) defendant knew that he had been ordered to pay, and (3) there was no evidence that defendant had paid or sought modification of the order. Under *State ex rel Mikkelsen*, no more is required. *Id.* at 459.[2]

In addition, under ORS 33.065(7), "[i]nability to comply with an order of the court is an affirmative defense." Defendant had the burden of filing notice of intent to offer evidence of an affirmative defense and the burden of proving an affirmative defense by a preponderance of the evidence. ORS 33.065(7); ORS 161.055(2); *see also State ex rel Mikkelsen*, 315 Or at 459. Defendant did not file notice of intent to offer his inability to comply as an affirmative defense and also did not offer any evidence that he was unable to comply with the child support order.

Affirmed.

---

[2] At oral argument and for the first time, defendant argued that, because ORS 107.135, the statute that sets forth the process for modifying child support payments, does not provide for modification of child support for an adult child, we should use this case to create an exception to the rule in *State ex rel Mikkelsen*. However, we will not address issues raised for the first time at oral argument. *Golden 'B' Products v. Clark Equip.*, 60 Or App 39, 42, 652 P2d 832 (1982) ("[A]n error asserted by counsel at oral argument is not subject to review unless it has been preserved below and is made the subject of an assignment of error in the appellant's brief.").