Argued and submitted September 30, 2011, affirmed July 18, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WADE DESMOND GRAHAM,
*Defendant-Appellant.*

Umatilla County Circuit Court
CR090210; A143093

284 P3d 515

Garry L. Reynolds, Judge.

Ryan T. O'Connor, Senior Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Rebecca M. Johansen, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant appeals a judgment holding him in punitive contempt of court, ORS 33.065, for failure to appear at two pretrial hearings. He contends that the trial court erred in denying his motion for judgment of acquittal on both counts. We conclude that the trial court did not err in denying the motion for judgment of acquittal on Count 1. We further conclude that defendant did not preserve his contention with respect to Count 2, and that that argument does not qualify as plain error. Accordingly, we affirm.

We review the denial of a motion for judgment of acquittal on punitive contempt to determine whether the record contains evidence from which a rational trier of fact, drawing all reasonable inferences in the light most favorable to the state, could find all elements of contempt beyond a reasonable doubt. *State v. Keller*, 246 Or App 105, 107, 265 P3d 48 (2011).

The underlying facts are not disputed. Defendant was charged with a wildlife violation. ORS 498.002. On January 20, 2009, defendant appeared in court, was arraigned, and then released on his own recognizance. As part of the conditional release agreement that defendant signed, he agreed to "appear for trial and all required court appearances[.]" The release agreement stated that the next court date would be on March 6. Defendant failed to appear on March 6, but did appear in court on March 9 and a new hearing was scheduled for March 24. On March 24, defendant appeared and the court scheduled a trial readiness hearing for April 23. Defendant failed to appear for the April 23 hearing.

Defendant was charged with two counts of punitive contempt of court. Count 1 was for failing to appear on March 6, and Count 2 was for failing to appear on April 23. Defendant filed a motion for judgment of acquittal on both counts of punitive contempt. With respect to Count 1, he argued that he could not be bound by the terms of the release agreement because he was never in custody and the release agreement was thus unenforceable. With respect to Count 2, he asserted that the supplemental local rule (SLR) requiring him to appear at pretrial conferences was

preempted by ORS 135.030(2), which provides that a person charged with a misdemeanor may appear in person or by counsel. The trial court disagreed and denied the motion for judgment of acquittal. No additional evidence was submitted and the court made a decision, on the merits, based on the record submitted for the motion for judgment of acquittal. The court held that defendant was in contempt of court and entered a judgment against defendant on both counts.

On appeal, defendant asserts that the trial court erred in denying his motion for judgment of acquittal on Count 1 because the state presented insufficient evidence that he was in contempt of court. Specifically, defendant contends that the release agreement was invalid because defendant was not in custody when he signed the release agreement. Defendant is factually correct that he was not "in custody" when he signed the release agreement and that the release agreement was the evidence offered by the state as proof that he was required to appear on March 6.

The state responds that the release agreement was sufficient evidence for the court to infer that defendant had been ordered to appear on March 6, that defendant knew he had to appear, that he voluntarily failed to comply with the order, and was thus in contempt of court. For the reasons that follow, we agree with the state.

A court must grant a motion for a judgment of acquittal "if the evidence introduced theretofore is such as would not support a verdict against the defendant." ORS 136.445. In reviewing the court's denial of a motion for acquittal, the question is not whether we believe that the defendant committed the offense beyond a reasonable doubt, but whether the evidence is sufficient for the trier of fact to so find. *See* ORS 33.065(9) ("In any proceeding for imposition of a punitive sanction, proof of contempt shall be beyond a reasonable doubt."); *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995) ("This court's decision is not whether we believe that defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for the jury to so find.").

ORS 33.015(2)(b) defines "contempt of court" as "[d]isobedience of, resistance to or obstruction of the

court's authority, process, orders or judgments" when "done willfully." To establish contempt of court, the state must prove that (1) there was a facially valid court order, (2) the defendant knew of the order, and (3) the defendant voluntarily failed to comply with the order. *Keller*, 246 Or App at 108.

Here, there is evidence in the record that the court required defendant to appear at the March 6 hearing by having defendant sign the conditional release agreement, which was also an order. There is evidence that defendant was aware that he was required to attend all required court appearances as part of the release agreement and that the next court appearance would be on March 6. And there is evidence that defendant voluntarily failed to comply with the order. Thus, there is sufficient evidence to support the court's finding that defendant was in contempt of court.

Nonetheless, defendant relies on *State v. Clay*, 84 Or App 514, 518, 734 P2d 400 (1987)—in which we held that, when the state is no longer authorized to hold a person in custody, it may not condition his release on signing a release agreement to return later for arraignment—to argue that there was insufficient evidence that he was in contempt of court, because the conditional release agreement was unenforceable. However, *Clay* is distinguishable. In that case, the defendant was charged with failure to appear. *Id.*; ORS 162.195.[1] Here, defendant was charged with contempt of court. We agree with the state that, unlike in the context of the offense of failure to appear, which requires the defendant to be released from custody, the validity of the underlying order is not dispositive in the context of punitive contempt.

In this case, the trial court could find defendant in contempt of court, without determining the validity of the conditional release agreement. As the Supreme Court held in *State ex rel. Mix v. Newland*, 277 Or 191, 200, 560 P2d 255 (1977),

> "[i]f a court has jurisdiction over the parties and the subject matter, and its order or decree is not complied with, that

---

[1] ORS 162.195(1)(b) defines "failure to appear" as when a person knowingly fails to appear in court after being released from custody under a release agreement in connection with being charged with a misdemeanor.

court may hold the noncomplying party in contempt even if it later appears that the original order or decree was either erroneous or in excess of the court's authority. The integrity of the judicial process demands compliance with court orders until such time as they are altered by orderly appellate review."

(Emphasis added.) Thus, in the context of punitive contempt, the validity of the underlying order is not dispositive. Here, because there is evidence that defendant was aware of the requirement to appear and willfully violated it, the court did not err in denying defendant's motion for judgment of acquittal on Count 1.

Defendant next asserts that the trial court erred in denying his motion for judgment of acquittal on Count 2 due to insufficient evidence that he was in contempt of court. Defendant contends, for the first time on appeal, that the SLR in effect at the time of his hearing did not require him to be present. Defendant also argues that the only evidence in the record concerning the April 23 hearing was the Oregon Judicial Information Network (OJIN) record, which is silent as to whether the court ordered defendant to be present. The state responds that defendant's argument on appeal with regard to Count 2 is not preserved. We agree with the state.

"A motion for judgment of acquittal does not automatically encompass a challenge to the sufficiency of the evidence. The motion must state the specific theory on which the state's proof was insufficient." *State v. Paragon*, 195 Or App 265, 268, 97 P3d 691 (2004). If a defendant does not present a specific theory in a motion for judgment of acquittal, that argument is not preserved. *See State v. Shields*, 184 Or App 505, 509 n 1, 56 P3d 937 (2002), *rev den*, 335 Or 355 (2003) ("Because defendant did not preserve any claim of error regarding the sufficiency of the state's evidence of objectively reasonable alarm, we do not address that argument.").

Below, defendant asserted that the SLR required him to appear at pretrial conferences, but argued that it was preempted by statute and thus unenforceable. On appeal defendant no longer asserts that the SLR is preempted. Rather, defendant asserts, and the state concedes, that the

local court rule in effect at the time of his 2009 hearings did not actually require him to be present.[2] Defendant contends that the error in holding him in contempt for failure to appear based on the SLR is plain and, further, that there was no evidence in the record, other than the OJIN record, in support of a finding that the trial court directed defendant to attend the trial readiness hearing. He asks that we exercise our discretion to correct the error.

However, there is arguably evidence in the record to support defendant's conviction and therefore any error is not plain. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (error is not plain if the matter is reasonably in dispute). Once again, as with Count 1, the release agreement required defendant to appear at all required court appearances. On March 24, defendant attended a hearing at which the court scheduled the trial readiness hearing for April 23. Thus, defendant was aware of the April 23 hearing. It is reasonable to infer that the court required defendant to be present on April 23, to make sure that defendant would be ready for the upcoming trial. In addition, there is evidence that defendant voluntarily did not appear on April 23. Therefore, we reject defendant's argument that there is no evidence, other than the OJIN record, that defendant was aware that he was required to appear at the April 23 trial readiness hearing.

Affirmed.

---

[2] The rule in effect the year before did require defendant to be present and defendant's attorney mistakenly relied on the previous rule. Umatilla and Morrow Counties Local Court Rule 7.005(3) (2008), *available at* http://www.ojd.state.or.us/Web/OJDPublications.nsf/Files/Umatilla-Morrow_SLR_2008.pdf/$File/Umatilla-Morrow_SLR_2008.pdf ("The attorney for each party and the defendant shall appear at all pretrial hearings."); *cf.* Umatilla and Morrow Counties Local Court Rule 7.005(3) (2009), *available at* http://www.ojd.state.or.us/web/ojdpublications.nsf/Files/Umatilla-Morrow_SLR_2009.pdf/$File/Umatilla-Morrow_SLR_2009.pdf (does not contain a requirement for the defendant to appear at pretrial hearings).