Submitted November 4, 2016, reversed February 1, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARIO MANUEL UGALDE,
aka Mario M. Ugalde,
*Defendant-Appellant.*

Multnomah County Circuit Court
15CR12002; A159903

389 P3d 410

Ernest G. Lannet, Chief Defender, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

## PER CURIAM

Defendant appeals a judgment imposing punitive sanctions against him for one count of contempt based on his violation of a Family Abuse Prevention Act restraining order.[1] ORS 33.065; ORS 107.700 - 107.732. He argues that the trial court erred in denying his motion for judgment of acquittal and entering the judgment because the record was insufficient to establish that he was in violation of the restraining order by being at the protected person's "current or future residence." The state concedes the error. We agree, accept the state's concession, and reverse.

The restraining order at issue prohibited defendant from "entering or attempting to enter, or remaining in, the area within 150 feet * * * [of the protected person's] current or future residence." Next to that prohibition on the line provided for an address, the order states "[w]ithheld for safety reasons." In a separate section of the restraining order that ordered defendant to pay emergency monetary assistance to the protected person, defendant was directed to mail the payment to a listed "safe contact address." That same address was also listed as the protected person's "contact address" in the "relevant data" sheet attached to the restraining order. That data sheet advised the protected person to use a "safe address" for the contact-address field. The same address was also listed as the "filer's address" in an attachment to the restraining order. Defendant was charged with punitive contempt based on his presence at the safe-contact address specified in the restraining order.

"When the state seeks to impose a punitive sanction for contempt, it must prove beyond a reasonable doubt 'that a valid court order exists, that the defendant knew of the order, and that the defendant voluntarily failed to comply with it.'" *State v. Langford*, 260 Or App 61, 68, 317 P3d 905 (2013) (quoting *Frady v. Frady*, 185 Or App 245, 248, 58 P3d 849 (2002)). Here, the trial court concluded that defendant had voluntarily failed to comply with the restraining order when he "entered, attempted, or came within 150 feet of [the safe-contact address]—address of victim."

---

[1] The state elected to dismiss two other counts of punitive contempt brought against defendant based on the same incident.

On appeal, defendant argues that, because the state failed to present evidence that the safe-contact address was the protected person's current or future residence, and because the order did not prohibit defendant from entering or remaining at the safe-contact address, the court erred in denying his motion for judgment of acquittal and entering a judgment of punitive contempt. The state concedes the error, and we accept the state's concession. The order did not prohibit defendant's presence at the safe-contact address and the state presented no evidence that that address was the protected person's "current or future residence." Accordingly, we reverse the judgment of punitive contempt.

Reversed.