330 October 2, 2024 No. 698

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRANDY MARIE TUCHSCHERER,
*Defendant-Appellant.*

Washington County Circuit Court
22CN05271; A180128

Kelly D. Lemarr, Judge.

Submitted September 5, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant appeals a judgment of punitive contempt. Defendant's mother obtained a restraining order against defendant that, among other things, barred defendant from contacting her mother or going to her mother's house. Defendant was found to have violated that order in two ways on October 20, 2022: (1) by calling her mother to request the new garage door code for her mother's house, and (2) by going to her mother's house. On appeal, in a single assignment of error, defendant challenges the denial of her motion for a judgment of acquittal, arguing that the evidence was legally insufficient to prove the willfulness element of contempt. We disagree and therefore affirm.

ORS 33.015(2)(b) defines "contempt of court" to mean various acts, including disobedience of a court order, "done willfully." As used in ORS 33.015(2), "willfully" means "intentionally and with knowledge that the act or omission was forbidden conduct." *State v. Nicholson*, 282 Or App 51, 62, 383 P3d 977 (2016) (internal quotation marks and brackets omitted); *see also State ex rel Mikkelsen v. Hill*, 315 Or 452, 458, 847 P2d 402 (1993) (a willful mental state "may be established by proof that a party had knowledge of a valid court order and failed to comply with the order"). To meet its burden to prove that defendant's violations of the restraining order were willful, the state could rely on direct evidence, such as an admission by defendant that she knew that she was violating the order, or circumstantial evidence allowing a reasonable inference that defendant knew that she was violating the order. *State v. Jones*, 335 Or App 79, 83-84, ___ P3d ___ (2024). As a practical matter, "in nearly all cases, whether willfulness has been proved will come down to the trial court's credibility determinations, view of the evidence as a whole, and resulting finding as to the defendant's subjective intent at the time of the violation." *Id*. at 84.

Defendant argues that the evidence here was legally insufficient to prove willfulness and that the trial court therefore erred in denying her motion for a judgment of acquittal. The question that puts before us is whether "the record contains evidence from which a rational trier of fact, drawing all reasonable inferences in the light most favorable

to the state," could find that defendant acted willfully in violating the restraining order. *State v. Graham*, 251 Or App 217, 218, 284 P3d 515 (2012) (stating standard of review for the denial of a motion for judgment of acquittal on punitive contempt).

Defendant argues that a rational factfinder could not find that she acted willfully, because defendant is disabled in a way that significantly impairs her day-to-day functioning, has always relied on her mother as her caretaker, was invited to the house by her mother after her mother obtained the restraining order, and as a result of her mother's conduct either had a good faith belief that she was allowed to contact her mother and go to the house or at least had "sincere confusion about whether that conduct was proscribed." The state counters that, although there was some conflicting evidence regarding defendant's state of mind on October 20, 2022, the record allowed a rational factfinder to find—as the trial court ultimately did—that defendant knew at the time that she was violating the restraining order and that her later claims to the contrary were not credible. The state points in particular to statements that defendant made to the police at her mother's house on October 20, 2022.

Viewing the evidence in the light most favorable to the state, including all reasonable inferences from that evidence, we conclude that the evidence was legally sufficient to allow a rational trier of fact to find that defendant willfully violated the restraining order. Whether the trial court sitting as factfinder could have made different findings or reached a different result has no bearing on a motion for a judgment of acquittal. Because the evidence was legally sufficient to allow a finding of willfulness, the trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.