96 February 11, 2026 No. 88

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER CORTEZ TOLBERT,
*Defendant-Appellant.*

Marion County Circuit Court
24CN02338; A184735

Audrey J. Broyles, Judge.

Submitted January 7, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of contempt. He raises three assignments of error. In his first two assignments of error, he argues that the court's order to follow its directives was unlawful because it exceeded the court's authority. In his third assignment of error, he contends that the trial court erred in finding him in contempt. We affirm.

The trial court found defendant in contempt after he appeared in front of the court in two hearings. In the first hearing, defendant spoke over the court and then laughed when the court told him to stop interrupting. The court then warned defendant that if he continued to talk in the absence of a question from the court, it would hold him in contempt. At the next hearing, held two weeks later, defendant refused to look at the judge while the judge was addressing his 60-day waiver. The court ordered defendant to look at the court and defendant declined, interrupting the court to tell it that it was abusing its power. The court found him in contempt and told defendant, "I'm going to sentence you to 30 days contempt because we've had this discussion before, you're being disrespectful and disobedient in the courtroom[.]"[1] Defendant engaged in some kind of nonverbal act of "hang[ing] up" his hands, which, in the trial court's view, demonstrated that he had "an attitude that [was] disrespectful[.]"

As noted, in his first two assignments of error, defendant contends that the trial court's order to follow its directives was unlawful. We disagree. Although defendant describes the court's order as one simply to "look at it," we agree with the state that the court's order can be viewed, in context of the record, as seeking to "preserve and enforce order in its immediate presence." ORS 1.010(1). That interpretation holds particularly true here given that two weeks prior, the court had admonished defendant for disrespectful behavior and had warned him that the court would find him in contempt if that behavior continued. Given that context, we find that the trial court's order was lawful under ORS 1.010.

---

[1] The transcript of both hearings is part of the record on appeal.

For those same reasons, we also disagree with defendant's argument in his third assignment of error that the court erred in finding defendant in contempt. We review the sufficiency of the evidence for summary contempt to determine whether the record contains evidence from which a rational trier of fact, drawing all reasonable inferences in the light most favorable to the state, could find all elements of contempt beyond a reasonable doubt. *State v. Graham*, 251 Or App 217, 218, 284 P3d 515 (2012). A court may find a person in contempt if they "willfully" engage in, among other things, "[d]isobedience of, resistance to or obstruction of the court's authority, process, orders or judgments." ORS 33.015(2)(b) (defining contempt). The evidence in the record from the two hearings (as described above) is sufficient to support a finding of contempt.

Affirmed.