Argued and submitted November 3, 1993, resubmitted May 18, decision of the Court of Appeals reversed and case remanded to the Court of Appeals for further proceedings May 26, reconsideration denied July 5, 1994

STATE OF OREGON,
*Petitioner on Review,*

*v.*

ANTONIO MENDOZA CERVANTES,
*Respondent on Review.*

(CC 90CR2935; CA A68493; SC S40204)

873 P2d 316

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause on behalf of petitioner on review. With her on the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter Gartlan, Deputy Public Defender, Salem, argued the cause on behalf of respondent on review. With him on the response to the petition was Sally L. Avera, Public Defender, Salem.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

UNIS, J.

**UNIS, J.**

■ Article I, section 11, of the Oregon Constitution guarantees a criminal defendant the right to a trial "in the county in which the offense shall have been committed." This venue requirement is a material allegation of the indictment that must be proven beyond a reasonable doubt. *State v. Cooksey*, 242 Or 250, 251, 409 P2d 335 (1965); *State v. Jones*, 240 Or 129, 130, 400 P2d 524 (1965). The issue in this criminal case is whether the state introduced sufficient evidence to establish venue beyond a reasonable doubt. We hold that it did.

After a jury trial, defendant was found guilty of rape in the second degree, ORS 163.365. Because defendant was convicted by a jury, we state the facts in the light most favorable to the state. *State v. McDonnell*, 313 Or 478, 480, 837 P2d 941 (1992). At the time of trial, defendant was 29 years old, and the victim was 12 years old. According to the victim, defendant was her "boyfriend." The victim lived with her parents in the City of Coos Bay. After an argument with her father, the victim ran away from home. She went to the home of another 12-year-old girl, who also lived in the City of Coos Bay, to spend the night. Defendant and his friend, Valdovinos, were also at the home of the victim's friend.

The next day, the victim, her friend, Valdovinos, and defendant went to the Pacific Empire Motel, where defendant had sexual intercourse with the victim. Later that night, City of Coos Bay police officers, in response to a runaway child report made by the victim's father, identified defendant's automobile in the parking lot of the motel. The officers then found and arrested defendant at the motel.

At trial, no witness testified that the Empire Pacific Motel is in the City of Coos Bay or that either the motel or the City of Coos Bay is in Coos County. At the end of the state's case-in-chief, defendant moved for a judgment of acquittal pursuant to ORS 136.445.[1] The trial court denied the motion, and defendant presented his case-in-chief.

---

[1] ORS 136.445 provides:

"In any criminal action the defendant may, after close of the state's evidence or of all the evidence, move the court for a judgment of acquittal. The court shall grant the motion if the evidence introduced theretofore is such as would not

■     At the end of all the evidence, defendant again moved for a judgment of acquittal, specifically asserting that the state had failed to introduce sufficient evidence from which the jury could find that the crime had occurred in Coos County. The state then asked the trial court to take judicial notice[2] that the Pacific Empire Motel is in the City of Coos Bay and Coos County or, in the alternative, to allow the state to reopen its case to present evidence of venue. The court denied defendant's motion, stating:

> "I feel there is sufficient evidence for this Court to — for the jury to make a determination. In addition as to the venue, it's the Coos Bay Police Department. And the schools have been referred to, attended by the student — by the victim in this case. I think there's sufficient evidence for the jury to find that venue."

The trial court did not take judicial notice and did not allow the state to reopen its case.[3]

---

support a verdict against the defendant. The acquittal shall be a bar to another prosecution for the same offense."

[2] OEC 201(b) provides that judicial notice may be taken of an adjudicative fact that is either:

"(1)  Generally known within the territorial jurisdiction of the trial court; or

"(2)  Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Adjudicative facts are the kind of facts that we ordinarily ask the jury to decide in jury trials — who did what to whom, when, where, and how? 1981 Conference Committee Commentary to OEC 201(a), *reported in* Kirkpatrick, Oregon Evidence 44 (2d ed 1989). Adjudicative facts "are those facts that would have to be proven by evidence if judicial notice were not taken." Mueller and Kirkpatrick, Evidence Under The Rules 825 (2d ed 1993). "Judicial notice of adjudicative facts thus serves as a substitute for evidence." *Id.*

[3] Because the trial court concluded that there was sufficient evidence for the jury to find venue, the court did not expressly rule on the state's motion. The trial court had discretion to grant the state's motion to reopen its case and allow it to prove venue by ordinary evidentiary means. *See State v. Eppers*, 138 Or 340, 346, 3 P2d 989 (1931), *reh'g den* 138 Or 354, 6 P2d 1086 (1932) (the court has discretion to allow the state to reopen its case). Moreover, venue is an adjudicative fact appropriate for the type of substitutionary judicial notice envisioned by OEC 201. Therefore, geographical facts, such as whether a particular address is within a certain city and county of the state, is a proper matter subject to judicial notice under OEC 201. *See Cleveland v. Goin*, 299 Or 435, 437, 703 P2d 204 (1985) (court took judicial notice that Clatsop County does not adjoin Linn County). The fact that the City of Coos Bay is in Coos County is, therefore, a proper matter subject to judicial notice under OEC 201(b). It would have been better if the trial court had taken judicial notice that the City of Coos Bay is in Coos County or had allowed the state to reopen its case to offer additional evidence on the issue of venue. In brief testimony, a single witness could have provided sufficient evidence of venue, thus obviating the necessity for appellate

On appeal, defendant assigned as error the failure of the trial court to grant his motion for a judgment of acquittal. The state responded that sufficient evidence was presented at trial from which the jury could find venue. The Court of Appeals held that insufficient evidence had been presented by the state for the jury to find venue and, therefore, reversed defendant's conviction. *State v. Cervantes*, 118 Or App 429, 848 P2d 118 (1993). We allowed the state's petition for review and now reverse the decision of the Court of Appeals.

■ In determining whether there is sufficient evidence to support a conviction in a criminal case, we must determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989). That standard of review applies to the material allegation of venue. In making that determination, this court resolves any conflicts in the evidence in favor of the state and gives the state the benefit of all reasonable inferences that properly may be drawn. *State v. Krummacher*, 269 Or 125, 137-38, 523 P2d 1009 (1974). Our decision is not whether we believe that defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for a jury to have so found. *State v. King, supra*, 307 Or at 339.

■ There was no direct evidence in this case that the crime occurred in Coos County. Venue need not be proved by

---

review of this issue.

Of course, had the court taken judicial notice that the City of Coos Bay is in Coos County, it would have been required to instruct the jury in accordance with OEC 201(g)(2), which requires the judge in a criminal case to "instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed in favor of the prosecution." OEC 201(g)(2)'s nonbinding judicial notice in favor of the prosecution preserves the jury's traditional prerogative to ignore uncorroborated facts in reaching a verdict and thereby prevents the trial court from transgressing the spirit, if not the letter, of the right to trial by jury guaranteed to an accused by Article I, section 11, of the Oregon Constitution by directing a partial judicial verdict as to the facts.

The state argues that, should this court conclude that the evidence was insufficient to support a finding that the crime was committed in Coos County, the case should be remanded to the trial court to permit that court to rule on whether it could have taken judicial notice of the fact that the Pacific Empire Motel, or Empire, is in Coos County. Because of our disposition of this case, we are not called on to consider whether the state may, in essence, cross-assign as error the trial court's refusal to accept the proof-of-venue alternatives offered by the state at trial.

direct evidence, however. Rather, venue may be established by circumstantial evidence. *State v. Miranda*, 309 Or 121, 130, 786 P2d 155, *cert den* 498 US 879 (1990).

■     Viewing the evidence in a light most favorable to the state and giving the state the benefit of all reasonable inferences that properly may be drawn, we conclude that there was sufficient evidence for the jury to find that the crime occurred in the City of Coos Bay. There was testimony that the crime was investigated by the Coos Bay police and that they made the arrest at the Pacific Empire Motel. There was also testimony that when the police returned to the motel after transporting defendant from there to jail, they "came back to Coos Bay." From that testimony, we believe that a rational jury reasonably could infer beyond a reasonable doubt that the crime occurred in the City of Coos Bay. We must determine, therefore, if there is sufficient evidence in the record from which the jury reasonably could infer that the City of Coos Bay is located in Coos County. We conclude that there is.

During the state's rebuttal, the following testimony of Mary Lou Lakey was presented:

"[Prosecutor:]   Ms. Lakey, what do you do?

"[Witness:]   I'm the coordinator for the Crime Victims' Assistance office in *Coos County*.

"[Prosecutor:]   What does that person, basically, do?

"[Witness:]   Our job is to be a liaison between the law enforcement and District Attorney's office and the victims. Explain what the law enforcement's doing, explain what the District Attorney is doing and then to help the victim go through the Court process.

"[Prosecutor:]   Were you present prior to the Grand Jury proceedings on December 7, 1990, and did you speak to the victim * * *?

"[Witness:]   At Grand Jury?

"[Prosecutor:]   Prior to Grand Jury that day?

"[Witness:]   Yes, I did." (Emphasis added.)

From the foregoing testimony, we believe that the jury could reasonably infer that Ms. Lakey met with the victim while acting in her official capacity as the coordinator for the Coos County Crime Victims' Assistance office. As noted above,

there was testimony that the victim was a resident of the City of Coos Bay. There was also testimony that the law enforcement agency that investigated the crime at the motel and that made the arrest at the motel was the Coos Bay Police Department. We believe that the jury reasonably could infer that the City of Coos Bay is in Coos County based on the fact that the coordinator for the Coos County Victims' Assistance office, who acts as a liaison between the police, the prosecutor, and the victim, had contact with the victim while acting in her official capacity, where both the victim and the law enforcement agency were located in the City of Coos Bay.

Viewing the evidence and all reasonable inferences in a light most favorable to the state, we conclude that a rational trier of fact could have found beyond a reasonable doubt that the offense in this case was committed in Coos County. Accordingly, the trial court did not err in denying defendant's motion for a judgment of acquittal.

Defendant made two other assignments of error. Because of its disposition of the case on the first assignment of error, the Court of Appeals did not reach defendant's other claimed errors. *State v. Cervantes, supra,* 118 Or App at 434. We therefore remand this case to the Court of Appeals to consider those assignments of error.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further proceedings.