Argued and submitted November 10, 1997, reversed January 7, 1998

Trina M. GERLACK,
*Plaintiff,*

*v.*

Edward T. ROBERTS,
*Defendant.*

STATE OF OREGON,
*Respondent,*

*v.*

EDWARD T. ROBERTS,
*Appellant.*

(9604-63774; CA A96249)

952 P2d 84

Carson D. Bowler argued the cause for appellant. With him on the brief was McKeown & Brindle, P.C.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from a judgment for contempt of court in which he was convicted of violating an abuse prevention restraining order, assigning error, in part, to the denial of his motion for judgment of acquittal. ORS 33.125(2). He argues that the evidence presented was insufficient to show that he willfully molested, interfered with, or menaced petitioner. We reverse.

■     In reviewing a denial of a motion to grant a judgment of acquittal, we state the facts in the light most favorable to the state. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). The state presented evidence that Trina Gerlack obtained a restraining order against defendant on April 4, 1996, and that the order was served on defendant two days later. The order, which tracks the language in ORS 107.718,[1] provides:

"IT IS HEREBY ORDERED that:

"* * * * *

"Respondent is restrained (prohibited) from intimidating, molesting, interfering with or menacing Petitioner * * *.

"Respondent is restrained (prohibited) from entering (name and full address):

"Petitioner's residence* Confidential

---

[1] The 1997 Legislature revised ORS 107.718. Or Laws 1997, ch 863, § 4. We refer to the statute as it appears in the 1995 Oregon Revised Statutes. ORS 107.718(1) provides that if the petitioner has been the victim of abuse committed by the respondent and there is an immediate and present danger of abuse

"the court shall, if requested by the petitioner, order, for a period of one year * * *:

"* * * * *

"(e) That the respondent be restrained from intimidating, molesting, interfering with or menacing the petitioner;

"* * * * *

"(g) That the respondent be restrained from entering on any premises and a reasonable area surrounding the premises when it appears to the court that such restraint is necessary to prevent the respondent from intimidating, molesting, interfering with or menacing the petitioner * * * ;

"(h) Other relief that the court considers necessary to provide for the safety and welfare of the petitioner."

"Petitioner's business or place of employment [address of employment]

"* * * * *

"The area surrounding Petitioner's home, school, business, place of employment or other named premises described as follows: no contact w/in 150 feet.

"* * * * *

"Other locations Candlelight Bar and Copper Penny

"* * * * *

"Other relief: no 3rd party contact."

On August 26, 1996, at approximately 11:30 p.m., defendant and a friend, LaCoe, were in LaCoe's car looking for a video store from which to rent a movie. As LaCoe pulled into a video store parking lot, petitioner was walking from her car into the store. Petitioner testified that she saw defendant in LaCoe's car. Petitioner continued into the store and went to the back of the store to select a video. Defendant testified that he did not see petitioner at that time.

Defendant and LaCoe entered the store and asked the clerk whether the store had the movie that they were seeking. The clerk told them that the movie was in the drama section, which was located in the "left" section of the store. As defendant and LaCoe went to retrieve the video, defendant noticed petitioner in the back of the store. Defendant said nothing to petitioner, did not look or stare at her and did not discuss her presence with LaCoe while petitioner was in the store. After petitioner left, defendant left the store without having any contact with her. Petitioner drove home, and from there, called the police to report defendant's presence in the store.

As a result of the above events, the state charged defendant with two counts of violating the April 4th restraining order. In the first count, the state charged that defendant "did on or about August 26, 1996, * * * willfully molest, interfere and menace TRINA M GERLACK *by* coming within 150 feet of her." (Emphasis supplied.) The second count charged

that defendant "did on or about August 26, 1996, * * * willfully molest, interfere and menace TRINA M GERLACK by following her into the Video Chest store."

After the state presented its evidence, defendant moved for a judgment of acquittal, arguing that

> "there's been no evidence that [defendant] did anything to molest, interfere, and menace [petitioner] on that day. He didn't say anything to her. He was in the store, contact in a public place. And the standard of willfulness still applies to judgment of acquittals, the highest standard in a criminal code. He has to do willful acts to violate the restraining order. I don't think the State has proven that."

The trial court denied the motion. After the hearing, the court found that the state did not sustain its burden on count two and acquitted defendant on that charge. The court also found that "the State had sustained its burden on Count 1, that [defendant] willfully molested, interfered, and menaced [petitioner] by coming within 150 feet of her" and convicted defendant on that count.

■ Defendant points out that "[t]he wording of the Trial Court's order seems to imply that the Defendant's mere presence of coming within 150 feet of the Petitioner was per se violative of the restraining order." He suggests, however, that the wording of the restraining order does not prevent defendant from coming within 150 feet of petitioner at any location, but is limited to preventing him from coming within 150 feet of petitioner's home, school, business, place of employment, the Copperlight Bar and the Copper Penny. The state argues that the language in the order only required it to prove that defendant willfully remained within 150 feet of petitioner at any location.

We agree with defendant's interpretation of the order. The language "no contact within 150 feet" in the order follows the language "The area surrounding Petitioner's home, school, business, place of employment or other named premises described as follows:" It is clear that the "no contact within 150 feet" requirement is referable to the areas surrounding the designated places. Moreover, that provision of the restraining order corresponds to ORS 107.718(1)(g), which allows the court to restrain defendant "from entering

on any premises and a reasonable area surrounding the premises." To sustain the finding of contempt, the state must prove a violation of what the order prohibits. In this case, defendant did not come within 150 feet of any of the designated places in the order.

■     The state argues that, even if defendant did not violate the restraining order by coming within 150 feet of petitioner at the designated locations, it proved that defendant interfered with petitioner or molested or menaced her in the store. We disagree. ORS 107.705 provides, in part:

"(4)   'Interfere' means to interpose in a way that hinders or impedes.

"* * * * *

"(5)   'Menace' means to act in a threatening manner.

"(6)   'Molest' means to annoy, disturb or persecute, with hostile intent or injurious effect."

There is no evidence that defendant committed any acts in the store that fall within the statutory definitions. The only evidence is that defendant saw petitioner for the first time after he was already in the store. Once he noticed petitioner, he looked away and avoided all contact with her. He did not block the exit from the store or interfere in any way with her as she left. We hold that, under the circumstances, the state did not prove that defendant interfered with, menaced, or molested petitioner as alleged by its complaint. Accordingly, the trial court should have granted defendant's motion for judgment of acquittal.

Because of our holding regarding the trial court's failure to grant a judgment of acquittal, we do not address defendant's other assignments of error.

Reversed.