Argued and submitted February 7, affirmed April 20, 2005

# STATE OF OREGON,
*Respondent,*

*v.*

# LAWRENCE CONLEY EAGLE,
*Appellant.*

# C020164CR; A119884

110 P3d 1111

Patrick M. Ebbett argued the cause for appellant. With him on the brief was Chilton, Ebbett & Rohr, LLC.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Armstrong, Judge.

LANDAU, P. J.

---

* Brewer, C. J., *vice* Leeson, J. pro tempore.

## LANDAU, P. J.

Defendant appeals a judgment of conviction on a single count of criminal nonsupport. ORS 163.555(1). He challenges the trial court's denial of his motion for a judgment of acquittal. According to defendant, the state neglected to prove that there was no lawful excuse for his failure to pay child support. We affirm.

The relevant facts are uncontested. Defendant is a high school graduate and has experience wallpapering, laying carpet, and working as a cook. He is the father of a minor child who was born in 1990 in Georgia, when defendant was 20 years old. He and the child's mother lived together until 1993. Two years later, the mother obtained an order in Georgia requiring him to pay child support. In 1997, the mother moved to Oregon. The following year, the child joined her. At that time, the mother informed defendant of her address and telephone number. She knew defendant to be without any physical disabilities and fully capable of working and providing support at that time.

Between 1998 and 2001, defendant sent one child support payment, which the mother received in October 1999.

In 2002, defendant was indicted for criminal nonsupport. The indictment alleged that, between November 1, 1999 and December 30, 2001, defendant unlawfully refused to provide support for the child. Shortly after the indictment was issued, the mother met with defendant and learned that, in early 2002, he had been working as the manager of a restaurant in Georgia.

At trial, defendant moved for a judgment of acquittal, arguing that the state had failed to prove that he lacked a lawful excuse for his nonpayment of support. Defendant argued that the state was required to prove that he was capable of making payments during the two-year period at issue. The trial court denied the motion, concluding that the facts— in particular, the fact that defendant admitted to the mother that he had been working in the early months of 2002— permited the inference that defendant had the ability to pay during the immediately preceding months.

On appeal, defendant reprises his argument that the state failed to prove that he was capable of making payments at any time during the two-year period from November 1, 1999 to December 30, 2001. In the state's view, the trial court correctly concluded that the facts permit the inference that, during the two-year period, defendant was capable of gainful employment and of making the required child support payments. While the appeal was pending, we decided *State v. Nuzman*, 194 Or App 351, 95 P3d 252 (2004). On supplemental briefing, defendant argues that the case supports his contention that the state failed in its proof. The state argues that *Nuzman* is distinguishable.

In reviewing a trial court's denial of a motion for a judgment of acquittal, we examine the facts in the light most favorable to the state to determine whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). ORS 163.555(1) sets out the elements of the offense of criminal nonsupport:

> "A person commits the crime of criminal nonsupport if, being the parent, lawful guardian or other person lawfully charged with the support of a child under 18 years of age, born in or out of wedlock, the person refuses or neglects without lawful excuse to provide support for such child."

In *State v. Timmons*, 75 Or App 678, 681, 706 P2d 1018, *rev den*, 300 Or 451 (1985), we concluded that a "lawful excuse" commonly refers to "some condition, not of the defendant's own making, which prevents the defendant from being able to provide support." We held that the state may demonstrate the absence of a lawful excuse by showing

> "(1) there was a court mandate that [the] defendant pay child support, (2) [the defendant] had an ability to generate an income, and that, in fact, he had earned wages during the time period in question and (3) [the defendant] had made no payment in any amount towards [the] child support obligation."

*Id.* at 682. In this case, it is undisputed that there was a court mandate that defendant pay child support and that he made no payment during the relevant two-year period. The parties dispute whether the state demonstrated that, during that

time, defendant had an ability to generate an income and, in fact, did so.

Viewing the evidence in the light most favorable to the state, we conclude that a rational trier of fact could find beyond a reasonable doubt that defendant was capable of generating an income, and did so, during the relevant two-year period. We note, in particular, that (1) the mother knew defendant to be without any physical disabilities and capable of employment shortly before the commencement of the two-year period; (2) defendant, in fact, made a child support payment in the month immediately preceding the two-year period; (3) defendant admitted to the mother that he had been working in the months immediately following the two-year period; and (4) defendant had failed to make support payments over a significant number of years, during which he was without any disabilities and capable of working and providing support.

*Nuzman* is not to the contrary. In that case, the state relied solely on evidence that the defendant was neither incarcerated nor on public assistance during the relevant time to demonstrate that he had failed to make support payments without lawful excuse. We rejected the state's argument because, in fact, the state had failed to establish either that the defendant had not been incarcerated or that he was not on public assistance. 194 Or App at 356. The dissenting opinion suggested that, in any event, the state had shown that the defendant was capable of employment based on the testimony of the mother in that case that, some ten years earlier, the defendant had been gainfully employed. *Id.* at 359-60 (Armstrong, J., dissenting). We responded that evidence of gainful employment so long ago could not be a basis for an inference that the defendant continued to be capable of generating an income a decade later. *Id.* at 357.

In this case, the state is not relying on ten-year-old information about defendant's capacity to generate an income. The information dated from only a few weeks before and after the two-year period at issue. We conclude that the trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.