Argued and submitted April 30; in A127226 and A127635, convictions for violation of *former* ORS 475.999(1) (2003) vacated and remanded for entry of convictions for violation of ORS 475.840; in A127272, conviction for violation of *former* ORS 475.999(1) (2003) vacated and remanded for entry of conviction for violation of ORS 475.840, and for resentencing; otherwise affirmed July 11, appellants' and respondent's joint petition for reconsideration filed August 30 allowed by opinion September 26, 2007

See 215 Or App 293, 168 P3d 1158 (2007)

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### COLE W. CONKLIN,
*Defendant-Appellant.*

Marion County Circuit Court
04C47611; A127226 (Control)

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### ANDREW JOHN PATRICK BETTS,
*Defendant-Appellant.*

Marion County Circuit Court
04C-50598; A127272

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### ERIK ROBERT LAND,
aka Eric Robert Land,
*Defendant-Appellant.*

Marion County Circuit Court
04C-47610; A127635

162 P3d 364

Jamesa J. Drake, Deputy Public Defender, argued the cause for appellants. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Elizabeth A. Gordon, Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendants, who were convicted of delivery of a controlled substance within 1,000 feet of a school, appeal, assigning error to the denial of their motions for judgments of acquittal (MJOA).[1] Defendants contend that the state failed to present legally sufficient evidence that the "Sonshine School," which was within 1,000 feet of the point of delivery, was, in fact, an *"elementary, secondary or career* school attended primarily by minors." *Former* ORS 475.999(1) (2003), *renumbered as* ORS 475.904(1) (2005) (emphasis added). We agree with defendants and, consequently, vacate their convictions under *former* ORS 475.999(1) and remand for entry of convictions on the lesser-included offense of delivery of a controlled substance. ORS 475.840.

In reviewing the denial of an MJOA, we review the evidence and reasonable attendant inferences in the light most favorable to the state. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). In all events, the following material facts appear to be uncontroverted.

In the spring of 2004, defendants each sold marijuana to other persons in Marion Square Park in downtown Salem. The park is located within 1,000 feet of the "Sonshine School," which is located inside the Salem Baptist Church.[2] Two signs, located at the southeast and southwest corners of Marion Square Park, stated that the park was within 1,000 feet of a school.

The principal evidence pertaining to the Sonshine School—other than it was located in a church building within 1,000 feet of the park—was the following testimony by Salem Police Detective Michael Bethers:

"[DEFENSE COUNSEL]: Have you ever been in that school?

"[BETHERS]: No.

---

[1] Defendant Betts was also convicted of one count of racketeering, ORS 166.720, based on an enterprise involving, *inter alia*, defendants Conklin and Land.

[2] One of the state's witnesses testified that the parking lot of the Sonshine School was, literally, a stone's throw from the park.

"[DEFENSE COUNSEL]: Then how do you know it is a school within the definition of the statute that makes it illegal to sell controlled substances within 1,000 feet of a school?

"[BETHERS]: *I know it's a school primarily attended by minors.*"

(Emphasis added.) In addition, the state submitted, as an exhibit, an aerial photograph developed by a Salem police crime analyst, on which Sonshine School was labeled a "school," establishing that Marion Square Park was within 1,000 feet of the "school."

At the close of the state's evidence, defendants moved for judgments of acquittal, arguing, in part, that the state had failed to prove that the Sonshine School was a school of the sort specified in, and required under, *former* ORS 475.999(1). That statute provides that it is unlawful to

"manufacture or deliver a schedule I, II, or III controlled substance within 1,000 feet of the real property comprising a public or private *elementary, secondary or career school* attended primarily by minors."

(Emphasis added.) The trial court rejected defendants' arguments regarding the insufficiency of evidence of the character of the Sonshine School, observing, "I think that Detective Bethers' testimony with regard to the Sonshine School is sufficient[.]" The court subsequently convicted defendants on all charges of delivery of a controlled substance within 1,000 feet of a school and also convicted defendant Betts on a related racketeering charge.[3]

On appeal, defendants' argument is unadorned: "The state * * * failed to prove that Sonshine School constituted a school for purposes of ORS 475.999." Defendants emphasize that, although Bethers testified that the Sonshine School was a "school attended primarily by minors," he did not testify that the Sonshine School was an "elementary, secondary or career school." *Former ORS 475.999(1).*

---

[3] The court had previously granted defendants Land's and Conklin's MJOAs with respect to racketeering charges against them.

In that regard, defendants point out that the location of the Sonshine School within a church building would be consistent with that "school" being a Sunday school or a daycare facility—both of which are commonly found on church property and are " 'schools' attended primarily by minors"—and neither of which satisfies the requisites of *former* ORS 475.999(1). *Cf. State v. Brown*, 209 Or App 699, 703-04, 149 P3d 294 (2006) (accepting, in context of reviewing lawfulness of stop, the state's implicit, but necessary, concession that a "building housing a Head Start program" is not a school of the sort described in, and prescribed by, *former* ORS 475.999). Thus, defendants contend, the trial court, as finder of fact, had no basis on which it could rationally determine that the Sonshine School was an "elementary, secondary or career" school; rather, such an inference would be impermissibly speculative. *See generally State v. Bivins*, 191 Or App 460, 466-68, 83 P3d 379 (2004) (addressing permissible limits in determining ultimate facts based on multiple circumstantial inferences); *State v. Beason*, 170 Or App 414, 421-25, 12 P3d 560 (2000), *rev den*, 331 Or 692 (2001) (MJOA is properly denied where state adduces sufficient circumstantial evidence from which a rational juror could draw the requisite inference).

The state counters that the requisite inference would not be rationally baseless and, hence, impermissibly speculative. In particular, the state points to the signs posted in Marion Square Park as corroborating that the Sonshine School is of the requisite character.[4]

We agree with defendants. The state's reliance on the signs in Marion Square Park partakes of circularity and "bootstrapping"—*viz.*, that whoever posted the signs must have known what the statutory requirements were and, thus, the Sonshine School must satisfy those requisites. More

---

[4] We do not understand the state to contend that the trier of fact could reasonably infer, solely from the circumstance that the Sonshine School was attended primarily by minors, that it was a school meeting all the requirements of *former* ORS 475.999(1). In all events, such a contention would not be well taken. There is no evidentiary basis in this record from which a trier of fact could infer, as a matter of "logical probability," that a "school" that is located in a church building and is attended primarily by minors is, in fact, an "elementary, secondary or career school." *See Bivins*, 191 Or App at 467 (quoting with approval *Tose v. First Pennsylvania Bank, N. A.*, 648 F2d 879, 895 (3d Cir), *cert den*, 454 US 893 (1981)).

precisely, that reasoning is dependent on an impermissibly speculative "stacking" of cumulative inferences: (1) the unidentified person or entity who posted the signs at some unidentified time was aware of the statute's requirements; (2) the unidentified "school" that the signs referred to was the Sonshine School, and not some other school; and (3) the unidentified person or entity who put up the signs was familiar with the nature or character of the Sonshine School. *See, e.g., Bivins,* 191 Or App at 468 ("[E]vidence is insufficient if it requires the stacking of inferences to the point of speculation.").

To be sure, given the proximity of the Sonshine School to Marion Square Park, *see* 214 Or App at 83 n 2, the second inference could reasonably be drawn from the established facts. But there is no basis, beyond "they must have known, or they wouldn't have done it" conjecture, for the first and third "stacked" inferences. Thus, this case is closely akin to *Bivins,* where, in reversing a conviction that followed the denial of an MJOA, we concluded:

> "In short, the minimal circumstantial evidence presented by the state requires too much stacking of inferences and, ultimately, too great an inferential leap. * * *
>
> "* * * [E]ven in the most difficult-to-try cases, speculation cannot be permitted to substitute for evidence, and the state's burden cannot be relaxed to the point where less evidence equates to more proof by giving the state the benefit of a broader range of imaginable possibilities."

191 Or App at 470-71.[5]

We thus conclude that the trial court erred in denying defendants' motions for judgments of acquittal as to each count charging a violation of *former* ORS 475.999(1). Consequently, we vacate the convictions on those counts and remand for entry of convictions on the lesser-included offense of delivery of a controlled substance, ORS 475.840.

---

[5] Here, in contrast to *Bivins,* the evidentiary deficiency in the state's proof could easily have been remedied by direct testimony regarding the character of the Sonshine School. Indeed, defense counsel, in arguing in support of the MJOAs here, noted that, in his experience in cases tried after *former* ORS 475.999(1) was first enacted, the state "would typically bring in a representative of the school to testify that it was in fact a school by the statutory definition."

In A127226 and A127635, convictions for violation of *former* ORS 475.999(1) (2003) vacated and remanded for entry of convictions for violation of ORS 475.840. In A127272, conviction for violation of *former* ORS 475.999(1) (2003) vacated and remanded for entry of conviction for violation of ORS 475.840, and for resentencing; otherwise affirmed.