Submitted April 4, reversed November 5, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY EARL PITTMAN,
*Defendant-Appellant.*

Multnomah County Circuit Court
050633697; A131212

196 P3d 1030

James N. Varner filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Nick M. Kallstrom, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals a judgment of conviction for second-degree burglary, ORS 164.215, a crime that includes entering or remaining on premises "not open to the public" with the intent to commit a crime on those premises. He contends that the trial court erred in denying his motion for a judgment of acquittal because the evidence was insufficient to establish that he entered premises that were "not open to the public," as defined by ORS 164.205(3)(a). We agree with defendant and, accordingly, reverse.

We view the record in the light most favorable to the state, giving it the benefit of all reasonable inferences from the evidence. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). Defendant's conviction for burglary arose from the following events. Defendant entered Billingsley Wholesale Florist, a small, floral wholesale business, and requested an employment application from an employee behind a customer counter. The employee was unable to find the form, even with the assistance of the owner of the business. During the search, their backs were turned to defendant, who stood by the counter. Unable to find an application, the owner told defendant that they "weren't really hiring." Defendant then left, after requesting and obtaining a business card from the owner. Shortly afterwards, the owner discovered that a bundle of cash, credit card receipts, and checks was missing. The bundle had been on top of a cash box on the counter. Because no one else was present during the time the bundle disappeared, defendant was suspected of committing the theft.

Billingsley Wholesale Florist, located in a "warehouse-type building," sells flowers and floral supplies to retail florists and does not transact retail business with the general public. The owner testified that the business is "not open to the public."

Defendant was charged with second-degree burglary under ORS 164.215(1). That statute provides that "a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein." ORS 164.205(3)(a) defines what it means to "[e]nter or remain unlawfully":

"To enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so[.]"

ORS 164.205(4), in turn, defines premises that are "[o]pen to the public" as

"premises which by their physical nature, function, custom, usage, notice or lack thereof or other circumstances at the time would cause a reasonable person to believe that no permission to enter or remain is required."

At the close of the state's case, defendant moved for a judgment of acquittal on the ground that the state had failed to establish that he had entered or remained unlawfully in a building, because there was insufficient evidence that the premises were not open to the public. The trial court denied the motion, and the jury returned a verdict of guilty.

On appeal, defendant assigns error to the denial of his motion for a judgment of acquittal. We review to determine whether any rational trier of fact could have found that the state proved an essential element of second-degree burglary—that defendant entered premises "not open to the public"—beyond a reasonable doubt. *State v. King*, 307 Or 332, 768 P2d 391 (1989). Our review requires examination of the evidence in the record of the "physical nature, function, custom, usage, notice or lack thereof" of operations at Billingsley Wholesale Florist, together with all "other circumstances" relevant to whether a reasonable person would "believe that no permission to enter or remain [was] required." ORS 164.205(4). We elaborated on this meaning of "not open to the public" in *State v. Hinton*, 209 Or App 210, 216, 147 P3d 345 (2006):

"[T]he premises must in some way—physically or as a matter of custom or through 'other circumstances'—objectively cause a reasonable person to believe that he or she is free to enter or remain on the property without permission, even if subjectively the owner intends the property to be private and requires permission to be there."

Tested by those standards, the state failed to meet its burden to produce objective evidence that a reasonable person would believe that "permission to enter or remain

[was] required." The owner testified that "[they] are wholesale, not open to the public." The business name and exterior sign states that the business is "wholesale." The business was located in a "warehouse-type" building. That evidence established that the intended clientele of the business was retail florists, that the business was a wholesale business. But that circumstance alone would not cause a reasonable person to believe that permission to enter or remain is required under ORS 164.205(4). Most businesses serve a subset of the general public. For example, a milliner's shop caters to persons interested in buying women's hats. But proof of an interest in hats is not usually required at the doorstep of the shop. Similarly, here, the wholesale operations and desired clientele of retail florists would not lead a person to believe that only retail florists were allowed to enter. The nature of the business would not inhibit the entry of delivery persons, job applicants, salespeople, or persons curious about flowers. The wholesale nature of a business is insufficient by itself to objectively indicate that permission is required to enter the business premises.

The remaining evidence suggests that entry to the business was not limited only to certain persons. Once a customer entered through a sliding automatic door, the customer would be at the front counter area, with a cashier on duty. The counter was signed "Cashier/Please Pay Here." Flowers and supplies are displayed for sale near the customer counter. That part of the operations appeared to be arranged much like a retail business. The state did not present any evidence that entry into the business through the front door to the cashier's area was restricted in any way. As defendant points out, there was no signage indicating that permission to enter was required, nor was defendant asked to leave the premises at any point during the encounter. Except for the wholesale nature of the business, there was no evidence that the physical layout or use of the building, notice of its operations, or any other circumstances would lead a reasonable person to conclude that permission to enter or remain was needed.

The state failed to meet its burden to produce objective evidence of the nature, custom, function, and usage of the premises sufficient for a rational factfinder to reasonably

infer that the business was not open to the public within the meaning of ORS 164.205(3)(a). Because we hold that no rational jury could find beyond a reasonable doubt from the evidence presented by the state that Billingsley Wholesale Florist was not open to the public, we reverse.

Reversed.