Submitted August 28, affirmed October 28, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TROY WILLIAM PARKER,
*Defendant-Appellant.*

Washington County Circuit Court
C080047CR; A139029

220 P3d 110

Peter Gartlan, Chief Defender, and Mary Shannon Storey, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for burglary in the first degree, ORS 164.225, and felon in possession of body armor, ORS 166.642. He assigns error to the trial court's denial of his motion for a judgment of acquittal on the burglary charge. We affirm.

We review the denial of a motion for a judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the elements of the offense proved beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994).

The relevant facts are undisputed. On January 1, 2008, at approximately 3:30 a.m., defendant and a friend were standing in the parking lot of the apartment complex where defendant lived. The manager of the apartment complex, Cooley, and her fiancé, Harris, entered the complex's parking lot in Cooley's car and parked. Defendant and his friend approached the car. Harris got out of the car to talk to the two men and told them that no loitering or drinking was allowed in the apartment parking lot. Defendant's friend got "very mouthy," "aggressive," and "wanted to get physical, fight." Harris threatened to call the police. Defendant's friend said, "[C]all the cops." Harris did just that. As Harris called the police, defendant and his friend walked away.

Minutes later, Harris entered the residence that he shared with Cooley. As he closed the front door, defendant—wearing a bullet-proof vest and running from the parking lot—jumped through the doorway, "lunged" at Harris with both hands, yelled, "I'm wearing a bullet proof vest now. What are you going to do about it * * *?" and uttered a racial slur. Harris told defendant to leave his residence and tried to push defendant back through the door. But defendant persisted, repeatedly "screaming at the top of his lungs" at Harris, "why did you call the cops, why did you call the cops," as he "kept trying to struggle to grab" Harris. Harris pushed defendant back and pinned him to the wall and told him to leave because there was a child in the home. With that, defendant's demeanor suddenly changed. He became calm,

apologized, and left the residence. The police arrived moments later, by which time defendant had fled the area.

Defendant was charged with burglary in the first degree and felon in possession of body armor. Regarding the burglary charge, the state alleged that defendant "enter[ed] and remain[ed] in a building that was a dwelling * * * with the intent to commit the crime of assault therein." The state also alleged a sentence enhancement fact, namely, "that[,] during the commission of the [crime], defendant attempted to cause physical injury to another person." At trial, defendant moved for a judgment of acquittal on the burglary charge on the ground that the state had failed to prove that, when defendant entered Harris and Cooley's residence, he intended to assault Harris. The court denied the motion and then found defendant guilty on both counts.

On appeal, defendant argues that the trial court erred in denying his motion for a judgment of acquittal for two reasons. First, he asserts that the state failed to offer sufficient evidence that defendant entered the residence with the intent to commit assault therein. He contends that he simply wanted to ascertain whether Harris had actually called the police. Second, defendant claims that the state failed to prove that he attempted to cause physical injury to Harris. Defendant requests that we reverse his burglary conviction and remand for entry of the lesser-included offense of criminal trespass in the first degree.

In response to defendant's first contention, the state argues that it presented sufficient evidence to establish the elements of burglary in the first degree. As to defendant's second contention, the state asserts that defendant failed to preserve it; according to the state, the only argument that defendant advanced to the trial court was that the state had failed to prove intent. In any event, the state argues, the focus of defendant's second contention—attempt to cause physical injury—is not an element of the offense of burglary; rather, it is an enhancement fact that pertains to sentencing. Thus, even assuming that the state failed to prove that fact, the trial court still properly denied the motion for a judgment of acquittal as to the burglary charge.

We begin with defendant's contention that the state failed to prove the element of intent. ORS 164.225(1) provides, in part:

> "A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling[.]"

ORS 164.215(1) provides, in part:

> "[A] person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein."

Those statutes, taken together, make clear that a person commits burglary in the first degree when the person enters a dwelling with the intent to commit a crime therein. In this case, as we have noted, the state alleged that defendant entered Harris and Cooley's dwelling with the intent to commit assault.

Turning to the evidence in the record, there is no dispute that defendant entered the dwelling. The question is whether the state proved that, when he did so, he intended to commit assault. Defendant argues that, although the evidence may show that his behavior was offensive and frightening, it did not establish that he intended to do anything other than complain about Harris calling the police. Defendant notes that there was no evidence of verbal threats or an attempt to hit or otherwise injure Harris.

The evidence, however, would permit a rational factfinder to find more than that. That evidence shows that, following a heated argument with Harris, defendant donned a bullet-proof vest, ran through the parking lot to the residence, jumped through the doorway, and "lunged" at Harris, "screaming at the top of his lungs" that "I'm wearing a bullet proof vest now. What are you going to do about it * * *?" while he "kept trying to struggle to grab" Harris. From that evidence, a rational factfinder could conclude beyond a reasonable doubt that defendant entered the dwelling with the intent to commit the crime of assault. *See* ORS 163.160(1) (defining assault in the fourth degree as intentionally, knowingly, or recklessly causing physical injury to another).

■ We turn to defendant's contention that the state failed to prove that he actually attempted to cause Harris physical injury. In the first place, the state is correct that defendant failed to preserve the contention. In arguing his motion for a judgment of acquittal, defendant's sole contention was that the state failed to prove intent, which is an entirely different matter from whether the state proved that defendant actually attempted to injure Harris. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (providing that, to preserve an issue for appeal, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted"). In the second place, as the state also correctly notes, the allegation that defendant actually attempted to cause physical injury to Harris is not an element of the offense at issue; it is an enhancement fact. And, in any event, even if that were not so, the evidence—that defendant "lunged" at Harris with both hands while "screaming at the top of his lungs"—is sufficient to permit a rational factfinder to find that, in fact, defendant did attempt to cause physical injury to Harris.

We conclude that the trial court did not err in denying defendant's motion for a judgment of acquittal on the burglary charge.

Affirmed.