Argued and submitted November 23, 2009, affirmed June 16, petition for review denied September 17, 2010 (349 Or 57)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADAM JON DUFF,
*Defendant-Appellant.*

Marion County Circuit Court
06C54715; A137819

234 P3d 1060

Kevin T. Lafky argued the cause for appellant. With him on the brief was Lafky & Lafky.

Paul L. Smith argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

WOLLHEIM, P. J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

**WOLLHEIM, P. J.**

Defendant appeals a judgment of conviction for one count of sexual abuse in the first degree, ORS 163.427, and two counts of private indecency, ORS 163.467. Defendant raises five assignments of error; we affirm on four of those assignments without discussion. We write to discuss defendant's remaining assignment that the trial court erred in denying defendant's motion for a judgment of acquittal on the count of first-degree sexual abuse. Defendant argues that the state failed to present sufficient evidence that the criminal act occurred in Marion County. For the reasons that follow, we affirm.

We review the trial court's denial of a defendant's motion for a judgment of acquittal to determine whether, based on the evidence viewed in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). We state the facts consistently with that standard.

Defendant drove the 12-year-old victim and her nine-year-old sister from Portland to their mother's home in Salem.[1] They made multiple stops on that trip, including stops at a rest area and at least one fast food restaurant before they stopped at a motel parking lot in Marion County. At some point before stopping at the motel parking lot, defendant began masturbating in the car, grabbed the victim's hand, and put her hand on his penis. There was conflicting evidence whether that sexual contact occurred when defendant was driving or whether that conduct occurred when the car was stopped. The girls were not able to describe where during the trip they were when the sexual contact took place.

The indictment alleged:

"The defendant, on or between January 1, 2005 to December 31, 2005, in Marion County[,] Oregon, did unlawfully and knowingly subject [the victim], a person under the age of 14 years, to sexual contact by causing the said

---

[1] The sisters were each victims of separate private indecency counts. Because we write only to discuss the first-degree sexual abuse count, we refer to the victim of that crime as the "victim."

[victim] to touch the defendant's penis, a sexual or intimate part of the defendant."

At trial, after the state presented its case-in-chief, defendant moved for a judgment of acquittal solely on the basis that the state did not prove venue. Defendant argued that the state was required to prove venue on the basis that the sexual abuse occurred "in Marion County" as alleged in the indictment, but that the state failed to prove that the sexual abuse occurred in Marion County. The trial court concluded that there was evidence that the sexual abuse occurred in Marion County and that there was also sufficient evidence to establish venue pursuant to ORS 131.315(5) and ORS 131.325. Consequently, the trial court denied defendant's motion.

We pause to review the relevant statutory framework regarding venue. Venue is proper "in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred." ORS 131.305(1). In addition, when an offense is committed in "any railroad car, vehicle, aircraft, boat or other conveyance in transit and it cannot readily be determined in which county the offense was committed," venue is proper "in any county through or over which the conveyance passed." ORS 131.315(5). Venue is also proper in the county of defendant's residence if the "offense is committed within the state and it cannot readily be determined within which county the commission took place." ORS 131.325.

■　　On appeal, defendant argues that the trial court erred in denying his motion for a judgment of acquittal. He renews his arguments that the trial court's reliance on ORS 131.315(5) and ORS 131.325, rather than ORS 131.305(1), implicitly and impermissibly modified the indictment. The state argues that the evidence in the record allows a reasonable inference that the sexual abuse was committed in Marion County and also that venue was proper under ORS 131.315(5). We agree with the state that venue was proper in Marion County under ORS 131.315(5).

■　　We begin with defendant's argument that the indictment failed to allege venue under ORS 131.315(5). An indictment must contain "[a] statement in each count that the offense charged therein was committed in a designated

county." ORS 132.550(5). Such an allegation "that the offense was committed within the county" is sufficient to allege venue under ORS 131.315. ORS 135.720 ("In an accusatory instrument for an offense committed as described in ORS 131.315 and 131.325, it is sufficient to allege that the offense was committed within the county where the accusatory instrument is found."); *cf. State v. Wrisley*, 138 Or App 344, 351-53, 909 P2d 877 (1995), *rev den*, 327 Or 521 (1998) (rejecting the defendant's argument that the state failed to prove venue in Lane County where the evidence at trial established venue under ORS 131.315(9)). Thus, by alleging that the crime was committed "in Marion County," the indictment in this case complied with ORS 132.550(5) and sufficiently alleged venue under ORS 131.315(5).

Defendant did not argue at trial, and does not argue on appeal, that the evidence is insufficient to establish venue under ORS 131.315(5). In any event, where the evidence was that the sexual abuse occurred in a car on a trip from Portland that included a stop within Marion County, and no one was able to describe the specific location where the abuse occurred, a rational trier of fact could have found that venue was proved under ORS 131.315(5). The trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.