248 P.3d 445 (2011)
240 Or. App. 749
STATE of Oregon, Plaintiff-Respondent,
v.
Stephanie Ann RUST, Defendant-Appellant.
070934698; A138602.
Court of Appeals of Oregon.
Submitted February 24, 2010.
Decided February 16, 2011.
Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.
John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.
Before ORTEGA, Presiding Judge, and SCHUMAN, Judge, and LANDAU, Judge Pro Tempore.
ORTEGA, P.J.
Defendant appeals her conviction for felony driving while suspended (FDWS), ORS 811.182(3). She assigns error to the trial court's admission of statements contained within the Driver and Motor Vehicle Services (DMV) suspension packet that included defendant's driving record, a suspension notice letter, and proof that she received the notice of her license suspension. Defendant concedes that the first of those items, her DMV driving record, was properly admitted under the public records exception to the hearsay rule. She argues, however, that reference in the suspension notice letter to her conviction for assault in the fourth degree while operating a motor vehicle involves a second level of hearsay and was not admissible under any exception. According to defendant, that improperly admitted reference, along with another cryptic notation, were the only evidence that her license was suspended due to a conviction for assault in the fourth degree while operating a motor vehicle, and, therefore, the trial court should have granted her motion for judgment of acquittal because the state provided insufficient evidence to prove FDWS. Because the driving record is admissible and establishes all that the state was required to prove, we affirm.
We review the denial of a motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the offense proved beyond a reasonable doubt. State v. Cervantes, 319 Or. 121, 125, 873 P.2d 316 (1994).
*446 After stopping defendant for a traffic violation, an officer arrested her for driving while her license was suspended for a previous felony conviction. At trial, the state offered an authenticated and certified copy of defendant's DMV suspension packet, but did not offer a certified record of conviction for defendant's previous assault in the fourth degree while operating a motor vehicle. In the DMV suspension packet, defendant's DMV driving record identified a felony conviction for "CONV 08/09/06 12/28/06 ASSAULT MV 4 C-CLACK," and her suspension notice letter provided that DMV was required to suspend her license upon receipt of notification from a court of defendant's conviction for "assault in the fourth degree resulting from the operation of a motor vehicle." That suspension for a previous conviction elevated defendant's charge for driving while suspended from a violation to a felony.
The trial court admitted the DMV suspension packet into evidence and concluded that defendant received statutory notice that, because of her conviction for assault with a motor vehicle, she would be charged with a felony for driving while suspended. Further, the court concluded that DMV's suspension notice letter and driving record established that defendant was previously convicted for assault with a motor vehicle and that defendant had not presented a collateral challenge to that evidence. Accordingly, the trial court convicted defendant of a felony for driving while suspended.
On appeal, defendant asserts that the state was required to prove that she was, in fact, previously convicted of assault with a motor vehicle in order to elevate the charge of driving while suspended to a felony. She further argues that the state's only proof of that material element was inadmissible hearsay or an insufficiently clear reference contained in her DMV suspension packet. Although she concedes that her DMV driving record itself was admissible under the public records exception to the hearsay rule, she contends that the conviction reference contained within it was "cryptic" and "obscure" and did not provide sufficient proof of conviction nor proof that DMV received a record of conviction from a court. Further, in her view, the suspension notice letter is not admissible under the public records exception because it failed to identify what court the statement came from. She argues that the state therefore failed to prove a required element, entitling her to a judgment of acquittal.
The state responds that defendant failed to preserve her hearsay argument and that, in all events, the trial court properly admitted the entire DMV suspension packet as a non-hearsay statement to establish the reason that DMV suspended defendant's license. The state also contends that it does not have to prove the validity of the suspension order or the existence of the underlying predicate facts, including predicate convictions. We conclude that defendant preserved her hearsay argument, but that we need not address whether the evidence was admissible to prove the existence of the previous conviction of assault with a motor vehicle, because, as the state correctly points out, that was not a required element.
Under ORS 811.182,[1] the state is required to prove in a FDWS prosecution the existence, but not the validity, of the suspension of the defendant's driving privileges. *447 State v. Jones, 223 Or.App. 70, 80-81, 195 P.3d 78, adh'd to as modified on recons., 224 Or.App. 451, 199 P.3d 317 (2008). In Jones, we applied a statutory analysis similar to that applied by the Supreme Court in State v. Sims, 335 Or. 269, 273-74, 66 P.3d 472 (2003), and concluded that the state was required to prove the existence of the underlying suspension, but did not have to "prove the existence of the facts or circumstances comprising the basis or category of the suspension or revocation." Jones, 223 Or.App. at 79-81, 195 P.3d 78 (discussing Sims). Likewise here, the state did not have to prove the validity or existence of defendant's previous conviction of assault while operating a motor vehicle, but rather the fact of suspension based on such a conviction.
Because the validity of defendant's previous conviction of assault with a motor vehicle was not a required element, we do not need to address defendant's hearsay arguments. The state was required to prove only that (1) DMV had suspended defendant's license based on its receipt of a record of a previous conviction for assault while operating a motor vehicle;[2] and (2) defendant drove a motor vehicle when the suspension was in effect. Compare Sims, 335 Or. at 274, 66 P.3d 472 ("Based on the text of ORS 811.182 (1987), it appears that the legislature intended to criminalize the violation of [a habitual traffic offender] revocation order without requiring the state to revisit the convictions underlying that order."). Likewise here, defendant may not collaterally attack her license suspension or the notice of her suspension. Id. at 275, 66 P.3d 472.
Defendant's DMV driving record was sufficient to establish the existence of her license suspension for a previous convictionit was not, as defendant argues, too "cryptic," and defendant does not contest the fact that she was driving during the period of that suspension. Because defendant's driving record was properly admitted, as defendant concedes, we conclude that the state proved both elements under ORS 811.182: (1) that defendant's license was suspended due to her previous conviction for assault with a motor vehicle, and (2) defendant was driving while suspended.
Affirmed.
NOTES
[1] ORS 811.182 provides, in part:

"(1) A person commits the offense of criminal driving while suspended or revoked if the person violates ORS 811.175 and the suspension or revocation is one described in this section * * *.
"* * * *
"(3) The offense described in this section, criminal driving while suspended or revoked, is a Class B felony if the suspension or revocation resulted from any degree of * * * assault resulting from the operation of a motor vehicle * * *."
ORS 811.175 provides, in part:
"(1) A person commits the offense of violation driving while suspended or revoked if the person does any of the following:
"(a) Drives a motor vehicle upon a highway during a period when the person's driving privileges or right to apply for driving privileges have been suspended or revoked in this state by a court or by the Department of Transportation.
"* * * *
"(4) The offense described in this section, violation driving while suspended or revoked, is a Class A traffic violation except as otherwise provided in ORS 811.182."
[2] ORS 809.411 provides, in part:

"(1)(a) Upon receipt of a record of conviction for an offense described in this section, the Department of Transportation shall suspend the driving privileges of the person convicted.
"* * * * *
"(10)(a) The department shall take action under subsection (1) of this section upon receipt of a record of conviction of assault in the second, third or fourth degree resulting from the operation of a motor vehicle."