Argued and submitted April 25, affirmed June 19, petition for review denied
October 3, 2013 (354 Or 342)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CECIL ROY RITCHEY,
*Defendant-Appellant.*

Douglas County Circuit Court
10CR0453FE; A146699

304 P3d 51

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jeremy C. Rice, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Duncan, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for three counts of encouraging child sexual abuse in the first degree, ORS 163.684, and three counts of encouraging child sexual abuse in the second degree, ORS 163.686. The first-degree counts alleged that defendant had duplicated photographs of sexually explicit conduct involving a child, and the second-degree counts alleged that defendant had possessed those photographs.

On appeal, defendant argues, *inter alia*, that the trial court erred in denying his motions for judgments of acquittal on all counts because, according to defendant, "the state failed to offer sufficient evidence to prove that the images were of 'sexually explicit conduct.'" We reject that argument based on our decision in *State v. Evans*, 178 Or App 439, 37 P3d 227 (2001), *rev den*, 334 Or 76 (2002), in which we considered and rejected, over a dissent, a similar argument.

Defendant also argues that the trial court erred in denying his motion for judgment of acquittal on the first-degree counts on the ground that the state had failed to prove venue, specifically, that the state had failed to prove that he had duplicated the photographs within Douglas County. The state's theory was that defendant had duplicated the photographs by downloading them onto his computer. We reject defendant's venue argument based on the evidence that defendant accessed the internet at three places, all of which a trier of fact reasonably could find were within Douglas County. *See State v. Cervantes*, 319 Or 121, 126-27, 873 P2d 316 (1994) (holding that there was sufficient evidence in the record from which a jury reasonably could have inferred that the charged crime was committed in the county in which the defendant was tried).

Affirmed.