Submitted December 3, 2021, reversed May 18, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN WILLIAM BUCHNOFF,
*Defendant-Appellant.*

Marion County Circuit Court
19CR58811; A172909

511 P3d 438

Defendant appeals from a judgment of conviction for one count of failure to appear. He assigns error to the trial court's denial of his motion for judgment of acquittal because the release agreement did not specify his personal appearance. The state responds that even though the agreement did not mention his personal appearance, that requirement can be understood from the context. *Held*: Based on its decision in *State v. Lobue*, 300 Or App 340, 346, 453 P3d 929 (2019), that a release agreement must unambiguously require defendant's personal appearance, the Court of Appeals concluded that the release agreement failed to contain a condition that unambiguously required defendant's personal appearance under ORS 162.205(1)(a). Accordingly, the trial court erred by denying defendant's motion for judgment of acquittal.

Reversed.

Daniel J. Wren, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kistler, Senior Judge.

JAMES, P. J.

Reversed.

**JAMES, P. J.**

Defendant appeals a judgment of conviction for one count of felony failure to appear, ORS 162.205(1). That statute makes it a crime to fail to appear at a regularly scheduled court hearing, "[h]aving by court order been released from custody or a correctional facility under a release agreement or security release upon the condition that the person will subsequently appear personally ∗ ∗ ∗." Defendant argues that his release agreement did not specify "personal" appearance and that the trial court therefore erred in denying his motion for judgment of acquittal. We agree and reverse.

When reviewing the denial of a motion for judgment of acquittal, we view the evidence in the light most favorable to the state to determine whether any rational trier of fact, accepting reasonable inferences and credibility choices, could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994); *State v. Evans*, 161 Or App 86, 89, 983 P2d 1055 (1999); *State v. Bivins*, 191 Or App 460, 462, 83 P3d 379 (2004).

The operative facts are undisputed. Defendant signed a release agreement that read:

"As a condition of my release from custody, I agree to:

"1.   Appear in Court at 8:15 a.m. on the 7th day of June, 2018, at the Marion County Court Annex / 4000 Aumsville Hwy. S.E., Salem, Oregon

"∗ ∗ ∗ ∗ ∗

"4.   Appear on any future dates set by the Court until discharge or final order of the Court."

Defendant signed a notice acknowledging that he had been "directed by the Court to appear" for a pretrial conference on June 13, 2019, and trial on June 26-28, 2019. Defendant personally appeared for trial on June 26, 2019. At that time, the trial court told defendant, defense counsel, and the jurors that they should be in the courtroom and prepared to proceed at 9:15 a.m. the following morning, June 27, 2019. The next day, defense counsel appeared, but defendant did not. Defendant made no attempt to contact his attorney

or the court. The trial court waited until 10:05 a.m., then issued a warrant for defendant's arrest. Defendant was ultimately apprehended two months later and charged with felony failure to appear (FTA).

At trial on the FTA count, defendant moved for judgment of acquittal, arguing that the release agreement in this case could not support an FTA conviction under *State v. Lobue*, 300 Or App 340, 346, 453 P3d 929 (2019), because the agreement failed to unambiguously require defendant's personal appearance. The state responded that the release agreement could be understood to require personal appearance because defendant was required, under ORS 136.040, to personally appear at trial, whereas the defendant in *Lobue* was not statutorily required to personally appear at a pretrial call hearing. The trial court denied the motion, defendant was convicted, and this appeal followed.

A release agreement is a form of contract. ORS 162.205 is therefore somewhat unusual in that it attaches criminal penalties to a breach of a contract between the state and the criminally accused. Accordingly, in *Lobue*, we held that

> "ORS 162.205(1)(a) makes it a crime to knowingly fail to appear only after '[h]aving by court order been released from custody or a correctional facility under a release agreement or security release upon the condition that the person will subsequently appear *personally* in connection with a charge.' (Emphasis added.) The specific wording of the statute—requiring the release agreement to condition *personal* appearance—to justify the failure to appear charge has existed since the statute's original enactment in 1971. *See* Or Laws 1971, ch 743, § 196.

> "The statute's requirement of a release agreement that requires personal appearance recognizes that, in criminal cases, just as in civil cases, a party's 'appearance' in a legal matter need not always be personal, but often may be accomplished through appearance through counsel.

> "*****

> "ORS 162.205 must be interpreted to attach a criminal penalty to a knowing failure to appear *when the release agreement unambiguously requires personal appearance.*

*Therefore, the question in this case is whether the release agreement unambiguously required defendant's personal appearance* at the 35-day call hearing. That is not a question of fact, as the trial court concluded, but a question of law."

300 Or App at 345-46 (emphasis added; some emphasis omitted).

Here, the state argues that the release agreement, though never mentioning personal appearance, can be contextually understood to require personal appearance because defendant was in the middle of a felony trial, and personal appearance is statutorily required at trial. ORS 136.040. The problem with the state's argument is that the statute requires more than an ambiguity that can be resolved by examining context. The plain text of ORS 162.205 states that the release agreement itself must impose a "condition that the person will subsequently appear personally." As we held in *Lobue*, the release agreement must make that unambiguous. 300 Or App at 345-46.

We note that defendant's behavior here is not unsanctionable; far from it—he disappeared in the middle of a trial, causing significant expense and disruption to the court. There are many avenues available to a trial court to hold accountable people who behave in this manner; among them is contempt. But ORS 162.205, at least as drafted by the legislature, is not a universal catchall. It criminalizes a very specific act and requires proof of a very specific condition: the existence of a release agreement that unambiguously contains a "condition that the person will subsequently appear personally." ORS 162.205(1)(a). The release agreement here, on its face, fails that requirement. Accordingly, the trial court erred in denying the motion for judgment of acquittal.

Reversed.