144 January 4, 2024 No. 16

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BILLY JUDD WADE BRIGGS,
*Defendant-Appellant.*

Malheur County Circuit Court
19CR60474; A178719

Lung S. Hung, Judge.

Submitted December 1, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Defendant, who was convicted of first-degree failure to appear, ORS 162.205, argues that the trial court erred in denying his motion for judgment of acquittal because the state failed to prove that he was released pursuant to a release agreement that unambiguously required him to appear on the date at issue. The state concedes the error.

A description of the facts would not benefit the bench, the bar, or the public. Suffice it to say that the parties agree that this case does not differ in any significant way from *State v. Buchnoff*, 319 Or App 599, 511 P3d 438 (2022), in which we reversed a conviction for first-degree failure to appear under substantially similar circumstances. *See also State v. Lobue*, 300 Or App 340, 453 P3d 929 (2019) (similarly reversing conviction for first-degree failure to appear).

Reversed.